■ SAM CARTER, Respondent, v CURTIS SMALLS et al., Appellants.—In a negligence action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Nassau County (Christ, J.), dated May 3, 1989, which granted the plaintiff's motion to set aside a jury verdict in favor of the defendant as against the weight of the credible evidence and ordered a new trial.

Ordered that the order is affirmed, with costs.

On January 11, 1986, at approximately 2:15 A.M. on a clear, dry night, the defendant driver Curtis Smalls struck and injured the plaintiff pedestrian at a point at or near the double yellow line of Jackson Street in Hempstead near Station Plaza. It was undisputed at trial that Jackson Street was a straight, well-illuminated, four-lane road and at the time of the incident the street was empty of cars other than the defendants' vehicle. It was also undisputed that prior to the accident, the plaintiff was attempting to cross Jackson

Street at a point beyond the intersection with Station Plaza. Hospital records and the defendants' expert showed that the plaintiff had a blood alcohol level of more than .365 when he was hit. The defendant driver testified that he saw the plaintiff in the middle of the street at least one minute before the collision but nevertheless he did not slow down from his speed of 35 miles per hour or significantly swerve his vehicle. Instead, he honked his horn and claimed that the plaintiff stepped from the midline into his lane of traffic.

It is well settled that a jury verdict in favor of a defendant should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict on any fair interpretation of the evidence *(Nicastro v Park,* 113 AD2d 129). However, after a trial court, in the exercise of its discretion, has opted to set aside a verdict, its decision to do so is to be accorded great respect, since that court had the benefit of hearing and assessing the evidence *(Nicastro v Park, supra,* at 137). The trial court's discretion "is at its broadest when it appears that the unsuccessful litigant's evidentiary position was particularly strong compared to that of the victor" *(Nicastro v Park, supra,* at 136).

Application of the foregoing principles to the case at bar discloses that the record is replete with evidence of negligence on the part of the defendant driver, and that, therefore, the court did not improvidently exercise its discretion when it set aside the verdict and granted a new trial *(see, Pire v Otero,* 123 AD2d 611; *Nicastro v Park, supra,* at 137). The jury's determination that the defendant driver was not negligent in any manner could not have been reached on any fair interpretation of the evidence. While the plaintiff's comparative negligence cannot be gainsaid, the defendant driver admitted to seeing the plaintiff well before the impact, and to taking no precautions other than honking his horn. Weighing the plaintiff's testimony, the photographic, police and expert evidence, the defendant driver's testimony and admissions against the deference to be given the jury's reaction to what it saw and heard, we conclude that the trial court did not improvidently exercise its discretion in setting aside the verdict as against the weight of the evidence *(see, Nicastro v Park, supra,* at 138). Thompson, J. P., Kunzeman, Harwood and Miller, JJ., concur.