■ DIANA DeGIGLIO, Respondent, v LYNN D. WILLIAMS et al., Appellants.—In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Westchester County (Miller, J.), entered March 17, 1989, which granted the plaintiff's motion to set aside the jury verdict finding her 60% at fault in the happening of the accident and for a new trial.

Ordered that the order is affirmed, with costs.

The uncontroverted evidence at trial established that on July 21, 1986, the parties' vehicles collided at an intersection controlled by a flashing yellow light in the plaintiff's direction, and a flashing red light in the defendants' direction. As the

plaintiff proceeded through the intersection, with the right-of-way, the defendants' vehicle struck her vehicle on the left side front fender and driver's door. Following the liability portion of the trial, the jury apportioned 60% of the fault in the happening of the accident to the plaintiff. The court found, *inter alia,* that the verdict was the product of substantial confusion among the jurors and set the verdict aside as against the weight of the evidence and in the interest of justice. We affirm.

The power of the trial court to set aside a jury verdict is codified in New York in CPLR 4404 (a). The power is a broad one intended to ensure that justice is done. Upon appellate review, a trial court's decision to exercise its discretion must be accorded great respect *(see, Nicastro v Park,* 113 AD2d 129). Under the circumstances of the case, we conclude that the trial court did not improvidently exercise its discretion. Thompson, J. P., Lawrence, O'Brien and Ritter, JJ., concur.