■ PAMELA TUNNELL, Respondent, v METROPOLITAN SUBUR-BAN BUS AUTHORITY et al., Appellants.—In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Rossetti, J.), entered February 9, 1990, as granted those branches of the plaintff's motion which were to set aside, as against the weight of the evidence, jury verdicts finding her 45% at fault responsible in the happening of the accident and finding that she had failed to establish that she had suffered a serious injury.

Ordered that the order is affirmed insofar as appealed from, with costs.

While a jury verdict should not be set aside unless it is not supported by any fair interpretation of the evidence, the decision of a trial court to do so is entitled to great respect (see, DeGiglio v Williams, 166 AD2d 499, 500; Nicastro v Park, 113 AD2d 129, 136-137). In this personal injury action, the plaintiff's evidence on liability was particularly strong, and the accident was highly unlikely to have occurred in the way narrated by the defendant bus driver. The trial court properly exercised its discretion in setting the verdict aside, for the record was "replete with evidence of negligence" (Nicastro v Park, supra, at 137; Pire v Otero, 123 AD2d 611; cf., Salazar v Fisher, 147 AD2d 470).

Although the evidence on damages was more equivocal, the

court found substantial evidence of permanent injury, a continuing pattern of bias on the part of the jury in favor of the defendants, and that several "courtroom events * * * might have influenced the jury's evaluation of the evidence" *(Nicastro v Park, supra,* at 136-137). We conclude that its setting aside of the verdict on damages was not an improvident exercise of discretion. Miller, J. P., Copertino, Pizzuto and Santucci, JJ., concur.