■ DAVID TARANTINO, Individually and as Father and Natural Guardian of STEVEN TARANTINO, an Infant, et al., Respondents, v VANGUARD LEASING CO., INC., et al., Appellants.—In a negligence action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Nassau County (Roncallo, J.), entered August 17, 1990, which granted the plaintiffs' motion to set aside the jury verdict in favor of the defendants as contrary to the weight of the evidence on the issue of liability and granted a new trial.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the verdict is reinstated, and the matter is remitted to the Supreme Court, Nassau County, for entry of an appropriate judgment.

In reviewing a trial court's decision to overturn a jury's verdict in favor of the defendants, the standard to be applied is whether the evidence preponderates so greatly in the plaintiffs' favor that the verdict could not have been reached upon any fair interpretation of the evidence (see, Columbia v Horowitz, 162 AD2d 579; Salazar v Fisher, 147 AD2d 470, 472; Saleh v Sears, Roebuck & Co., 119 AD2d 652; Nicastro v Park, 113 AD2d 129, 134).

In the instant case, we do not agree with the trial court's finding that the jury could not have reached its verdict for the

defendants on any fair interpretation of the evidence. The jury was presented with both the testimony of the defendant Edward Rausch at the trial and the testimony from his examination before trial. Edward Rausch's testimony regarding whether there was snow and ice on the road and whether he knew what caused his car to skid out of control was conflicting. The court, in making its determination to set aside the verdict, pointed to Edward Rausch's testimony that he was traveling 25 or 30 miles per hour, and that it had snowed that day. The court also noted that Rausch, at his examination before trial, said there were patches of snow and ice, and that he skidded on ice. He then changed his testimony somewhat when he got on the stand at the trial. However, the jury was presented with this same evidence and, as finder of the facts, had the responsibility of resolving any dispute as to the weight to be accorded such evidence and as to the credibility of the witness (see, Sheps v Hall & Co., 112 AD2d 281, 283). The evidence adduced at the trial supported a finding that Rausch lost control of his car on an unanticipated patch of ice. Thus, a rational basis existed for the jury's finding that he was not negligent (see, Brown v Bracht, 132 AD2d 857; Noia v De Rosa, 78 AD2d 789, affd 54 NY2d 631; cf., Pfaffenbach v White Plains Express Corp., 17 NY2d 132).

In reviewing the record to ascertain whether the jury's conclusion rested upon a fair interpretation of the evidence, great deference must be accorded to the fact-finding function of the jury (see, Birnbaum v All-State Vehicle, 139 AD2d 553). The only evidence introduced by the plaintiffs was the testimony of Rausch. No police officers or responding ambulance crew members testified at the trial nor were any accident reports introduced to support the plaintiffs' assertions that Rausch was negligent in the manner in which he operated his car. After hearing all of the evidence, the jury made a determination which is supported by a fair interpretation of the evidence. Mangano, P. J., Sullivan, Balletta and Miller, JJ., concur.