■ JOAN C. CONFORTI, Appellant, v DAWN GAETA et al., Defendants and Third-Party Plaintiffs-Respondents. JAMES HACKETT et al., Third-Party Defendants-Respondents.—In a negligence action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Lockman, J.), dated December 3, 1990, which denied his motion to set aside a jury verdict in favor of the defendants as contrary to the weight of the evidence on the issue of liability.

Ordered that the order is affirmed, with one bill of costs.

At about 9:00 A.M. on September 18, 1986, the plaintiff, Joan Conforti, a Nassau County Deputy Sheriff, sustained personal injuries while a passenger in a Sheriff's vehicle that collided with an automobile driven by the defendant Dawn Gaeta and owned by her mother, the defendant Maria Gaeta. Both the driver of the Sheriff's vehicle, Deputy Sheriff James Hackett, and the County of Nassau were impleaded as third-party defendants by the Gaeta defendants. At a trial limited to the issue of liability, Dawn Gaeta testified that immediately prior to the accident she was traveling southbound on Carmen Avenue, into the traffic-light-controlled intersection of Salisbury Park Drive. According to Dawn Gaeta's testimony, she was attempting to make a left turn at the intersection when the Sheriff's vehicle, which had been traveling northbound on Carmen Avenue behind a slow-moving truck, darted out from

behind the truck at approximately 50 miles per hour and hit her car. According to the driver of the Sheriff's vehicle, Deputy Sheriff Hackett, he had never driven behind the truck, but rather entered the intersection at 15 to 20 miles per hour and saw Gaeta's car for the first time at a distance of 10 feet before the collision.

After deliberations, the jury returned a verdict finding that Dawn Gaeta was not at fault in the happening of the accident. The plaintiff moved to set aside the verdict as against the weight of the evidence. We find that the motion was properly denied.

We disagree with the plaintiff's contention that the jury could not have reached its verdict for the defendants on any fair interpretation of the evidence due to the allegedly conflicting testimony offered by Dawn Gaeta. The jury had the responsibility of resolving any dispute as to the weight to be accorded the evidence and as to the credibility of the witness (see, Tarantino v Vanguard Leasing Co., 187 AD2d 422). The evidence does not weigh so greatly in the plaintiff's favor that the verdict could not have been reached upon any fair interpretation of the evidence (see, Tarantino v Vanguard Leasing Co., supra; Durkin v Peluso, 184 AD2d 940; Nicastro v Park, 113 AD2d 129). Sullivan, J. P., O'Brien, Pizzuto and Santucci, JJ., concur.