■ DONNA CAROTENUTO, Appellant, v HARRAN TRANSPORTATION Co., INC., et al., Respondents. [640 NYS2d 209] —In an action to recover damages for personal injuries, the plaintiff appeals (1) from an order of the Supreme Court, Queens County (Posner, J.), dated November 28, 1994, which denied her motion to set aside the jury's verdict in favor of the defendants or for judgment notwithstanding the verdict and (2) from a judgment of the same court, entered April 13, 1995, which is in favor of the defendants and against her dismissing the action.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondents are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

The plaintiff was injured when the bus on which she was a passenger skidded off the road when the bus changed lanes in an attempt to pass a slower moving snow plow. We reject the plaintiff's contention that the jury's verdict in favor of the defendants is against the weight of the evidence. In determining whether to set aside a jury's verdict in favor of the defendant as against the weight of the evidence, the standard is whether the evidence preponderates so greatly in the plaintiff's favor that the verdict could not have been reached based upon any fair interpretation of the evidence (*see, Grassi v Ulrich,* 87 NY2d 954; *Lolik v Big V Supermarkets,* 86 NY2d 744; *see also, Tarantino v Vanguard Leasing Co.,* 187 AD2d 422). In making this determination, great deference is given a jury's determination in negligence cases in which the verdict is in favor of the defendant (*see, Nicastro v Park,* 113 AD2d 129). There was evidence adduced at the trial in this case that the defendant bus driver lost control of the bus on an unanticipated patch of snow or ice. Thus, the jury's determination that the defendants were not negligent is supported by a fair interpretation of the evidence *(see, Tarantino v Vanguard Leasing Co., supra).* Rosenblatt, J. P., Sullivan, Copertino, Santucci and Goldstein, JJ., concur.