■ KAREN MARKOWITZ, Respondent, v JAMES PULEO et al., Appellants. [665 NYS2d 284] —In a negligence action to recover damages for personal injuries, the defendants appeal from an interlocutory judgment of the Supreme Court, Kings County (Vinik, J.), dated December 20, 1996, which, upon the granting of the plaintiff's motion to set aside so much of the jury's verdict as was in favor of the defendants on the issue of liability and for judgment as a matter of law, is in favor of the plaintiff and against them on the issue of liability.

Ordered that the interlocutory judgment is affirmed, with costs.

While a jury verdict should not be set aside unless it is not supported by any fair interpretation of the evidence, the decision of a trial court to do so is entitled to great respect (*see, Tunnell v Metropolitan Suburban Bus Auth.*, 186 AD2d 643). Once the jury discredited the sole explanation of the defendant James Puleo for the subject automobile accident, that an unidentified white vehicle had struck his vehicle forcing him off of the road, the *only* reasonable conclusion was that James Puleo had been negligent. The trial court therefore properly exercised its discretion in setting aside that portion of the

jury's verdict which found that James Puleo had not been negligent and granting judgment as a matter of law to the plaintiff on the issue of liability. Thompson, J. P., Joy, Friedmann and Krausman, JJ., concur.