■ MARILYN PANARIELLO, Respondent, v DAVID M. BALLINGER et al., Appellants. [670 NYS2d 41] —In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Kings County (Lewis, J.), dated January 21, 1997, which granted the plaintiff's motion pursuant to CPLR 4404 to set aside the jury verdict in favor of the defendants as against the weight of the evidence, and ordered a new trial on the issue of liability.

Ordered that the order is affirmed, with costs.

. The plaintiff was injured when she was struck by an automobile driven by the defendant David M. Ballinger. At the time of the accident, the plaintiff was standing on a double yellow line in the middle of the road. The jury found that Ballinger was negligent, but that his negligence was not the proximate cause of the accident. The plaintiff moved to set aside the verdict, and the court granted the motion on the ground that the verdict was against the weight of the evidence. We affirm.

Generally, a verdict should not be set aside as against the weight of the evidence unless " 'the jury could not have reached the verdict on any fair interpretation of the evidence' " (*Nicastro v Park*, 113 AD2d 129, 134, quoting *Delgado v Board of Educ.*, 65 AD2d 547, *affd* 48 NY2d 643; *see also, Corcoran v People's Ambulette Serv.*, 237 AD2d 402; *Carotenuto v Harran Transp. Co.*, 226 AD2d 334). While great deference must be accorded to the fact-finding function of the jury, a trial court's discretion to set aside the verdict " 'is at its broadest when it appears that the unsuccessful litigant's evidentiary position was particularly strong compared to that of the victor' " (*Pire v Otero*, 123 AD2d 611, quoting *Nicastro v Park, supra*, at 133; *see also, Finkel v Benoit*, 211 AD2d 749, 750). Accordingly, a trial court's decision to exercise its discretion and set aside the

verdict must be accorded great respect because it was in the best position to assess the evidence at trial (*see, Nicastro v Park, supra,* at 137; *Carter v Smalls,* 162 AD2d 431, 432; *see also, Tunnell v Metropolitan Suburban Bus Auth.,* 186 AD2d 643; *DiGiglio v Williams,* 166 AD2d 499, 500). The jury could not have reached its verdict that Ballinger's negligence in failing to sound his horn and in failing to avoid hitting the plaintiff, who was standing in the middle of the road, was not a proximate cause of the accident based upon any fair interpretation of the evidence. Thus, the Supreme Court did not improvidently exercise its discretion when it set aside the verdict and ordered a new trial. Miller, J. P., Altman, Krausman and Luciano, JJ., concur.