■ ROBERT GRIPPO et al., Appellants, v FRANK SINATRA et al., Respondents. [696 NYS2d 208] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Richmond County (Rosenberg, J.), dated May 14, 1998, which, upon a jury verdict finding the defendants not at fault in the happening of the accident, is in favor of the defendants and against them, dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

A vehicle driven by the defendant Dorothy Sinatra and owned by the defendant Frank Sinatra collided with the rear of a vehicle owned and operated by the plaintiff Robert Grippo. The jury returned a verdict finding the defendants not at fault in the happening of the accident.

Contrary to the plaintiffs' contention, the jury verdict finding the defendants not at fault was not against the weight of the

evidence. It is well settled that "a jury verdict in favor of a defendant should not be set aside unless 'the jury could not have reached the verdict on any fair interpretation of the evidence'" (*Nicastro v Park,* 113 AD2d 129, 134, quoting *Delgado v Board of Educ.,* 65 AD2d 547, *affd* 48 NY2d 643). The jury could reasonably have found from the evidence that Grippo cut in front of the defendants' vehicle, which caused the defendants to skid on the wet road into the rear of Grippo's vehicle (*see, Torrillo v Command Bus Co.,* 206 AD2d 520). Under these circumstances, it cannot be said that the jury verdict was against the weight of the evidence (*see, Carotenuto v Harran Transp. Co.,* 226 AD2d 334; *Galimberti v Carrier Indus.,* 222 AD2d 649).

The plaintiffs' remaining contentions are unpreserved for appellate review. Bracken, J. P., O'Brien, Friedmann and Goldstein, JJ., concur.