■ Charles Angello, Respondent, v New York Racing Association, Inc., et al., Appellants. [696 NYS2d 519] —In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Bernstein, J.), dated November 19, 1998, which granted the plaintiff's motion to set aside the verdict in favor of the defendants as against the weight of the evidence and for a new trial.

Ordered that the order is affirmed, with costs.

The plaintiff was injured when he slipped and fell on an icy glaze as he exited Aqueduct Raceway. The jury found that the defendants were negligent, but that their negligence was not a substantial factor in causing the accident. The plaintiff moved to set aside the verdict and for a new trial, and the court granted the motion on the ground that the verdict was against the weight of the evidence. We affirm.

A verdict should not be set aside as against the weight of the evidence unless "the jury could not have reached the verdict on any fair interpretation of the evidence" (*Delgado v Board of Educ.,* 65 AD2d 547, *affd* 48 NY2d 643, 644; *see also, Panariello v Ballinger,* 248 AD2d 452; *Nicastro v Park,* 113 AD2d

129). A court's discretion to set aside a verdict "is at its broadest when it appears that the unsuccessful litigant's evidentiary position was particularly strong compared to that of the victor" (*Nicastro v Park, supra*, at 136; *see also, Panariello v Ballinger, supra; Finkel v Benoit*, 211 AD2d 749; *Pire v Otero*, 123 AD2d 611). In this case, the plaintiff's evidence on the issue of liability was particularly strong, given the testimony of the defendants' own witness that an icy glaze was present at 9:00 A.M. and 3:00 P.M. on the day of the accident. The jury could not have reached its verdict that the defendants' negligence in permitting an icy glaze to exist on a public walkway was not a substantial factor in causing the plaintiff's accident based upon any fair interpretation of the evidence. Thus, the Supreme Court did not improvidently exercise its discretion in granting the plaintiff's motion to set aside the verdict and for a new trial. S. Miller, J. P., O'Brien, Ritter and Florio, JJ., concur.