■ RENEE MEYER, Respondent-Appellant, v LAWRENCE J. GLYNN, Appellant-Respondent. [718 NYS2d 205] —In an action to recover damages for legal malpractice, the defendant appeals from so much of an order and judgment (one paper) of the Supreme Court, Westchester County (Coppola, J.), entered August 12, 1999, as, upon a jury verdict, is in favor of the plaintiff and against him in the principal sum of $127,214, and the plaintiff cross-appeals from so much of the same order and judgment as denied her motion for prejudgment interest.

Ordered that the order and judgment is modified, on the law, by deleting the provision thereof denying that branch of the plaintiff's motion which sought an award of prejudgment interest from December 1, 1994, and substituting therefor a provision granting that branch of the motion; as so modified, the order and judgment is affirmed insofar as appealed and cross-appealed from, with costs to the plaintiff.

The jury verdict in favor of the plaintiff should not be set aside as against the weight of the evidence because it was based upon a fair interpretation of the evidence (*see, Grippo v Sinatra,* 265 AD2d 301; *Nicastro v Park,* 113 AD2d 129).

Since the defendant's acts or omissions deprived or otherwise interfered with the plaintiff's title to or possession or enjoyment of property, she is entitled to an award of prejudgment interest (*see,* CPLR 5001 [a]; *Butler v Brown,* 180 AD2d 406).

The defendant's remaining contention is unpreserved for appellate review and, in any event, without merit. S. Miller, J. P., Goldstein, H. Miller and Smith, JJ., concur.