■ JAMES KINNEY, Respondent, v ARNOLD R. LEIBOFF et al., Appellants. [741 NYS2d 728] —In an action to recover damages, inter alia, for medical malpractice, the defendants appeal from an order of the Supreme Court, Suffolk County (Emerson, J.), dated February 16, 2001, which, after a jury verdict in their favor, granted the plaintiff's motion pursuant to CPLR 4404 to set aside the verdict as against the weight of the evidence.

Ordered that the order is affirmed, with costs.

"A verdict in favor of a defendant should not be set aside as against the weight of the credible evidence unless the preponderance in favor of the plaintiff was so great that the finding in favor of the defendant could not have been reached upon any fair interpretation of the evidence" (*Olsen v Chase Manhattan Bank*, 10 AD2d 539, 544, *affd* 9 NY2d 829; *Cicalese v Caruana*, 274 AD2d 540; *Simmons v East Nassau Med. Group*, 260 AD2d 463; *Ciotti v New York Hosp.*, 221 AD2d 581). Although it has been held that great deference must be accorded to the fact-finding function of the jury in which the verdict is in favor of the defendant (*see Carotenuto v Harran Transp. Co.*, 226 AD2d 334; *see also Cicalese v Caruana, supra*; *Torrillo v Command Bus Co.*, 206 AD2d 520, 521), it has also been held that a trial court's decision to exercise its discretion and set aside the verdict must be accorded great respect because it was in the best position to assess the evidence at trial (*see Panariello v Ballinger*, 248 AD2d 452; *Carter v Smalls*, 162 AD2d 431; *Nicastro v Park*, 113 AD2d 129, 137; *see also Tunnell v Metropolitan Suburban Bus Auth.*, 186 AD2d 643).

Applying these principles to the case at bar, the Supreme Court correctly set aside the verdict and granted a new trial. The verdict that the defendants' negligence in performing the

biopsy procedure and in failing to obtain informed consent was not the proximate cause of the plaintiff's injuries was inconsistent and against the weight of the evidence (*see Panariello v Ballinger, supra; Tunnell v Metropolitan Suburban Bus Auth., supra; Carter v Smalls, supra*). Santucci, J.P., Altman, S. Miller and McGinity, JJ., concur.