ARLENE APPLEBAUM, Appellant, v. HOWARD R. HERSH et al., Respondents.

First Department, June 14, 1966.

*Herman Schmertz* of counsel (*Harry A. Gair* with him on the brief; *Gair & Gair,* attorneys), for appellant.

*John M. Cunneen* of counsel (*Brady, Devlin, Grubbs, Lawler & Reid,* attorneys), for respondents.

MCNALLY, J. Plaintiff appeals from a judgment entered on a verdict for defendants in this action for personal injuries based on the negligence of defendant Howard R. Hersh, the operator of a motor vehicle owned by defendant Martin Hersh, in striking plaintiff, a pedestrian, who was crossing Morris Avenue in The Bronx.

Plaintiff contends the trial court committed prejudicial error in refusing her request for the instruction that she had the right of way over defendants' motor vehicle. We think she is correct and that a new trial must be had.

It appears that plaintiff and her father were walking east on the south side of 174th Street on January 23, 1963, at about

6:30 P.M. When they came to Morris Avenue the light was green in their favor. Plaintiff was able to see a block and a half to her left into Morris Avenue and there was no moving traffic. She testified that she proceeded into the street, crossing in about the same direction as she had been walking, in between the line of the curb and the line of the building with her father to her left; that she went about 10 feet from the curb of Morris Avenue when she saw and at about the same time was struck by a car behind her. The car collided with plaintiff's lower left side and she was thrown to the ground.

Plaintiff's father, Samuel Applebaum, testified the plaintiff and he had been walking east on the crosswalk when he was struck on his left side and thrown into the roadway. The father's testimony is that at that time he was to the right of his daughter. The father arose to his feet immediately and observed his daughter in the roadway.

Patrolman Raymond Godley testified that he responded to a call at about 6:25 P.M. and proceeded in a radio car with another patrolman to the accident scene; that it was dark and raining; that he found the plaintiff in the roadway and in the pedestrian crosswalk about 8 to 10 feet from the west curb of Morris Avenue; and that he remained at the scene until an ambulance from Morrisiania Hospital came and took plaintiff away. The patrolman testified to the effect that the driver, Howard R. Hersh, stated: ''he was proceeding eastbound on 174th Street * * * he made a turn to proceed southbound * * *. And as he turned the corner he said he saw these people but it was too late and he just hit them.'' The patrolman's memorandum book noted the conversation as follows: ''Made right turn into Morris Ave. did not see aided until it was too late.'' There was no notation of defendant Howard R. Hersh stating that he hit the plaintiff.

Defendant, Howard R. Hersh, testified he was driving east on 174th Street and when he reached the intersection of Morris Avenue the light was red against him and he stopped; when the light changed from red to green he began to make his right turn into Morris Avenue; that he noticed two people eight feet away from his car and could not have been going more than five miles per hour; and that without sounding his horn he applied his brakes and stopped his car about three feet away from the plaintiff without coming into contact with her.

Occupants of defendants' automobile and of another vehicle behind it testified they saw the fallen plaintiff immediately after defendants' automobile stopped at which time plaintiff was on a steel grating four or five feet away.

Dr. Benjamin S. Golub, a physician called by the defendants, stated that plaintiff's fracture is of a kind which may arise out of a skiing accident but atypical of an automobile accident.

On this record we think the plaintiff was entitled to an instruction as to the right of way. The learned trial court ruled: " You may deem that you have requested me to charge that if both the defendant and the plaintiff started out on a green light, the pedestrian walking across the street with a green light and the defendant making a right turn on the green light, you are requesting me to charge that in that situation the pedestrian had the right-of-way under the Vehicle & Traffic Law. Under the Traffic Regulations, Section 30. And I am denying your request. You have an exception and you do not need to repeat it at the time that I charge the jury."

The relevant portion of section 30 of the New York City Traffic Regulations pertaining to light controlled intersections provides:

" (a) Green alone:

" 1. Vehicular traffic facing such signals may proceed straight through or turn right or left unless a sign at such place prohibits either such turn. But vehicular traffic, including vehicles turning right or left, shall yield the right of way to other vehicles and to pedestrians lawfully within the intersection or an adjacent crosswalk at the time such signal is exhibited.

" 2. Pedestrians facing such signal may proceed across the roadway within any marked or unmarked crosswalk."

Section 30 of the regulations is the same as subdivision (a) of section 1111 of the Vehicle and Traffic Law, recently interpreted in *Loeb* v. *United Traction Co.* (24 A D 2d 917), where the Third Department, on facts similar to those at bar, held that a turning vehicle had " failed to yield the right of way to which plaintiff was entitled ". (See, also, *Counihan* v. *Werbelovsky's Sons,* 5 A D 2d 80; *Gardner* v. *Schulman,* 272 App. Div. 888; *Garippa* v. *Wisotsky,* 108 N. Y. S. 2d 67, affd. 280 App. Div. 807, affd. 305 N. Y. 571.)

Refusal to instruct a jury as to a pedestrian's right of way constitutes prejudicial error. (*Taggart* v. *Vogel,* 3 N Y 2d 58; *D'Alcamo* v. *Goldbach,* 256 App. Div. 948.)

We are mindful that the learned trial court charged the jury as follows: " It is perfectly obvious a driver of a car, an operator of a car, making a turn must bear in mind the likelihood that there may be pedestrians crossing the crosswalk, using the street. And so his duty of reasonable care includes a duty to look out for pedestrians at the crossing. And if he sees any pedestrians crossing in front of him, so near to him that

he is likely to hit them, to do, to avoid hitting them insofar as it is in his power, reasonably in his power." This charge is not, however, the equivalent of the right of way afforded under section 30 of the New York City Traffic Regulations.

We are also cognizant that the learned trial court in a careful and meticulous manner charged: " the sharpest issue that has been raised in this trial is: Did the car hit her at all? " Since it is impossible to determine the basis upon which the jury reached its verdict, we are constrained to hold that the refusal to charge as requested mandates a new trial.

The judgment should be reversed, on the law and on the facts, and a new trial directed, with costs and disbursements to abide the event.

BREITEL, J. P., RABIN and CAPOZZOLI, JJ., concur.

Judgment unanimously reversed, on the law and on the facts, and a new trial ordered, with $50 costs and disbursements to abide the event.