■ JARMILA KOCHLOFFEL et al., Appellants, v LAWRENCE GIORDANO, Respondent. — In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal from a judgment of the Supreme Court, Westchester County (Burchell, J.), dated June 19, 1981, which, after a jury trial, dismissed their complaint. Judgment reversed, on the law, and new trial granted, with costs to abide the event. The trial court erred in charging the jury that, as a matter of law, Jarmila Kochloffel (hereinafter plaintiff) was not within a crosswalk when she crossed the roadway. Subdivision (a) of section 110 of the Vehicle and Traffic Law clearly recognizes that a crosswalk at an intersection need not be delineated by lines or other markings on the road's surface (*Fan v Buzzitta,* 42 AD2d 40, 42). Although the southerly side of the intersection where plaintiff crossed the roadway was not delineated by street markings, there was sufficient evidence adduced at trial from which the jury could reasonably have

concluded that plaintiff was within an unmarked crosswalk at the time of the accident. Accordingly, the trial court should have charged the provisions of section 110 of the Vehicle and Traffic Law and permitted the jury to resolve this issue as a matter of fact. Since the intersection in question was traffic controlled, section 1111 of the Vehicle and Traffic Law was properly charged by the trial court (*Applebaum v Hersh,* 26 AD2d 58). On this basis, subdivision (a) of section 1151 of the Vehicle and Traffic Law was properly excluded from the jury charge as that section only applies to intersections which are not traffic controlled. Section 1112 of the Vehicle and Traffic Law is also inapplicable to this case since the south side of the intersection where plaintiff cross was not equipped with pedestrian control signals and the signals on the north side of the intersection were not utilized by plaintiff as she crossed the roadway. Mollen, P. J., Titone, Lazer and Rubin, JJ., concur.