■ JOHN P. OLSON et al., Appellants, v WILLIAM DOUGHERTY, Respondent.—Main, J. Appeal from a judgment of the Supreme Court (Harlem, J.), entered March 24, 1986 in Delaware County, upon a verdict rendered in favor of defendant.

Plaintiff Faith Olson (hereinafter plaintiff) was injured when she was struck by a car operated by defendant in the Village of Delhi, Delaware County, on the morning of July 14, 1983. At the time, plaintiff was crossing Main Street on foot while defendant was making a left turn from Meredith Street onto Main Street. The two streets form a T-shaped intersection, with Meredith Street forming the stem of the T. It appears from the record that defendant was stopped at the intersection waiting for traffic to clear so that he could make his left turn when two large trucks on Main Street approached the intersection and signaled their intention to turn left onto Meredith Street. Unable to complete the turn, the driver of the lead truck signaled to defendant to make his turn so the way would be clear. After looking both ways, defendant commenced his turn. Plaintiff, meanwhile, was waiting to cross Main Street near the intersection. She saw the approaching trucks, assumed that they would turn in front of defendant's vehicle, and proceeded to cross the street. The bumper of defendant's vehicle then struck her.

After a trial in this action, the jury returned a verdict of no cause of action against defendant. Supreme Court denied plaintiff's motion pursuant to CPLR 4404 to set aside the verdict as against the weight of the evidence, and this appeal

ensued. Plaintiff identifies three theories of liability and contends that a reasonable jury could not find defendant completely free from negligence as to all three. We disagree and accordingly affirm.

In a case such as this, a verdict in favor of a defendant "may be successfully challenged as against the weight of the evidence only where the evidence preponderates so greatly in [plaintiff's] favor that the jury could not have reached its conclusion on any fair interpretation of the evidence" (Schoch v Dougherty, 122 AD2d 467, 468; see, Rowe v Board of Educ., 120 AD2d 850). Plaintiff's contentions regarding the three theories of liability must therefore be evaluated in accordance with this standard. First, plaintiff contends that the evidence clearly established that defendant failed to exercise due care in accordance with the provisions of Vehicle and Traffic Law § 1146 (Vehicle and Traffic Law former § 1154). However, while a different jury possibly might have reached a different result, we cannot say that the evidence preponderates so greatly in plaintiff's favor that a jury could not reasonably conclude that defendant exercised due care. Defendant came to a complete stop at the intersection, signaled his intention to turn left, looked to both sides and commenced this turn only after the truck driver motioned for him to make the turn. At the time of collision, defendant was traveling at approximately five miles per hour. The jury could reasonably interpret this evidence to find that defendant did exercise due care.

Next, plaintiff asserts that the evidence clearly established that she was in a crosswalk at the time of the accident and that defendant violated Vehicle and Traffic Law § 1151 by failing to yield to a pedestrian in a crosswalk. The question of whether a person was within an unmarked crosswalk at the time of an accident is a factual matter for jury resolution (Kochloffel v Giordano, 99 AD2d 798). The jury in this case had the opportunity to hear plaintiff's testimony concerning her position at the time of the accident and to view photographs of the scene of the accident. Moreover, the jury was correctly instructed with regard to this issue. Under such circumstances, we decline to disturb the jury's verdict on the basis of this issue.

Plaintiff finally contends that she was entitled to assume that defendant would obey the dictates of Vehicle and Traffic Law § 1142, requiring defendant to yield to oncoming traffic, and that his failure to obey this law caused the accident. However, upon the evidence presented, the jury could reasonably conclude that defendant did in fact obey the law. He

came to a complete stop and yielded to oncoming traffic. The oncoming trucks could not safely make their turns until defendant made his turn. Thus, the evidence presented does not preponderate so greatly in plaintiff's favor that the jury could not conclude that defendant was free from negligence. As a final matter, with respect to claimed errors in the jury instructions, we note that these issues have not been preserved for appeal and we decline to review them here.

Judgment affirmed, with costs. Mahoney, P. J., Main, Mikoll, Levine and Harvey, JJ., concur.