■ ROBERT M. GINSBERG, Appellant, v NEW YORK PROPERTY INSURANCE UNDERWRITING ASSOCIATION, Respondent. [620 NYS2d 52] —Judgment, Supreme Court, New York County (Howard Miller, J.), entered April 27, 1994, which, upon a jury verdict in favor of defendant, dismissed the complaint, unanimously affirmed, without costs.

In this action to recover under a wind insurance policy, the issue of whether coverage was excluded because the destruction of plaintiff's summer home was proximately caused by a flood condition was for the jury to determine. Although the successive causation question in *Album Realty Corp. v American Home Assur. Co.* (80 NY2d 1008, *rearg denied* 81 NY2d 784) is distinguishable from the concurrent causation question here, the trial court's charge pursuant to the general rules of causation articulated in *Album*—that the jury "must consider which of the two causes [wind or flood] was the proximate, direct, dominant and efficient cause of the loss", taking into account the reasonable expectations of the parties as to the

scope of the exclusion for flood-caused losses—though imperfect, does not warrant a new trial. The trial court acted well within its discretion in refusing to allow plaintiff's expert to testify, in view of plaintiff's failure to show good cause pursuant to CPLR 3101 (d) (1) (i) and his cavalier and vacillating use of that statute.

We have considered plaintiff's other contentions and find them to be without merit. Concur—Rosenberger, J. P., Kupferman, Ross and Williams, JJ.