■ KAREN M. McLEAN, Appellant, v DONALD A. DESSERT, Respondent. [701 NYS2d 677] —Judgment unanimously affirmed without costs. Memorandum: Plaintiff commenced this action seeking damages for injuries that she sustained when struck by a vehicle operated by defendant as she was attempting to cross Delaware Avenue in Buffalo. Plaintiff and defendant were the only witnesses to testify at trial regarding the accident. Plaintiff testified that she saw defendant's vehicle stopped adjacent to the crosswalk and stop sign for Delaware Avenue; that, when she arrived at the crosswalk, she paused for a few seconds to check for traffic and proceeded into the crosswalk; that she was struck in the left leg by the middle of the front bumper of defendant's vehicle; and that the vehicle rolled over her left foot. Defendant testified that he stopped the vehicle before the crosswalk at the intersection of Delaware Avenue and Niagara Circle, looked to the right and saw pedestrians on the sidewalk but none entering the crosswalk; that he looked to the left and saw an opening in the traffic on Niagara Circle

and proceeded into the intersection; that he felt the rear right side of the vehicle come in contact with an object and felt the tire run over something like a rock or stone; that he never saw plaintiff; and that he never sounded his horn because no pedestrian proceeded into the crosswalk. Plaintiff appeals from a judgment entered upon a jury verdict of no cause of action and an order denying her motion for a new trial. She contends that the jury verdict is contrary to the weight of the evidence. We disagree.

"[A] jury's verdict should not be set aside as against the weight of evidence unless it is palpably wrong and there is no fair interpretation of the evidence to support the jury's conclusion (*Montana v Smith*, 92 AD2d 732) or if the verdict is one reasonable persons could have rendered after receiving conflicting evidence" (*Petrovski v Fornes*, 125 AD2d 972, 973, *lv denied* 69 NY2d 608). The conflicting testimony of the parties presented a credibility issue for the jury to resolve, and we perceive no basis in this record to disturb the jury's resolution of that issue (*see, Olson v Dougherty*, 128 AD2d 920, 921-922). (Appeal from Judgment of Supreme Court, Erie County, Joslin, J.—Negligence.) Present—Denman, P. J., Green, Pigott, Jr., Hurlbutt and Balio, JJ.