■ DOMINGO NAZARIO et al., Appellants, v DAVID A. STALICA, Respondent. [707 NYS2d 575] —Amended judgment unanimously affirmed without costs. Memorandum: We reject plaintiffs' contention that the jury verdict of no cause of action is against the weight of the evidence. Domingo Nazario (plaintiff) testified that he crossed South Elmwood Avenue in the City of Buffalo at its intersection with Edward Street, a one-way street. He looked behind him at the vehicles on Edward Street, but they were all stopped without indicating their intention to turn left. The light turned green and he crossed South Elmwood. Before reaching the opposite side, he was struck by defendant's vehicle, which had turned left from Edward Street onto South Elmwood. Defendant testified that he was stopped at the red light on Edward Street and had his left directional signal on. He looked left and right and saw no pedestrians. When the light turned green, he waited for a black pick-up truck to his left to come to a complete stop, saw that there were no pedestrians, and then made his left-hand turn. Before completing the turn, he suddenly saw plaintiff in front of his vehicle and was unable to avoid hitting him.

The evidence did not so preponderate in favor of plaintiffs that the verdict could not have been reached upon any fair interpretation of the evidence (*see, McLean v Dessert,* 267 AD2d 962; *see generally, Lolik v Big V Supermarkets,* 86 NY2d 744, 746). It is for the jury to resolve conflicting testimony, and we perceive no basis to disturb the jury's resolution of the credibility issue (*see, O'Connor v C.T.G.N. Y.,* 159 AD2d 249, 249-250; *Olson v Dougherty,* 128 AD2d 920, 921-922). The jury could have inferred from the testimony that plaintiff did not cross in front of the black pick-up truck but instead crossed behind it, and that defendant therefore would have been un-

able to see him crossing the street. Thus, the jury could have concluded therefrom that defendant did not violate Vehicle and Traffic Law § 1111 (a) (1) or § 1146. (Appeal from Amended Judgment of Supreme Court, Erie County, Glownia, J.— Negligence.) Present—Pigott, Jr., P. J., Hayes, Scudder, Kehoe and Balio, JJ.