■ JAMES DUDEK, Appellant, v MOLLY K. CALL et al., Respondents. (Appeal No. 1.) [714 NYS2d 251] —Appeal unanimously dismissed without costs (*see, Smith v Catholic Med. Ctr.*, 155 AD2d 435; *see also*, CPLR 5501 [a] [1]). (Appeal from Order of Supreme Court, Genesee County, Rath, Jr., J.—Set Aside Verdict.) Present—Green, J. P., Pine, Wisner, Kehoe and Balio, JJ.

■ JAMES DUDEK, Appellant, v MOLLY K. CALL et al., Respondents. (Appeal No. 2.) [714 NYS2d 250] —Order and judgment unanimously affirmed without costs. Memorandum: Plaintiff commenced this action seeking damages for injuries that he sustained when his vehicle was struck by a vehicle owned by defendant Paul D. Hirsch and operated by defendant Molly K. Call. Supreme Court properly denied plaintiff's motion to set aside the jury verdict on damages as against the weight of the evidence. The testimony of the experts at trial was conflicting, presenting an issue of credibility for the jury, and there is no basis in this record to disturb the jury's resolution of that issue (*see, McLean v Dessert*, 267 AD2d 962). Although the court erred in precluding the testimony of plaintiff's treating psychiatrist on the issue of plaintiff's inability to work

in the future (*see, Stark v Semeran* [appeal No. 2], 244 AD2d 894, *lv dismissed* 91 NY2d 956; *Rook v 60 Key Centre*, 239 AD2d 926, 927-928), that error is harmless (*see,* CPLR 2002; *Matter of State Farm Mut. Auto. Ins. Co. v Joseph*, 198 AD2d 226). The psychiatrist otherwise testified that plaintiff was chronically disabled, would remain totally disabled, and is incapable of functioning in a job. Plaintiff's remaining evidentiary issue is lacking in merit. Finally, we conclude that the court properly gave a missing witness charge with regard to one of plaintiff's doctors because plaintiff did not meet his burden of showing that the doctor was not available to testify nor under his control (*see, Zeeck v Melina Taxi Co.*, 177 AD2d 692, 694; *see also, Mashley v Kerr*, 47 NY2d 892, 893). (Appeal from Order and Judgment of Supreme Court, Genesee County, Rath, Jr., J.—Negligence.) Present—Green, J. P., Pine, Wisner, Kehoe and Balio, JJ.