■ KAYVAN KAROON, Appellant, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents. [730 NYS2d 331] —Order, Supreme Court, New York County (Joan Madden, J.), entered on or about February 23, 2000, which denied plaintiff's motion

for an order setting aside the verdict and ordering a new trial, unanimously affirmed, without costs.

The jury heard conflicting evidence as to the speed at which plaintiff had been traveling, the lane in which he had been traveling, his state of intoxication, the distance that his motorcycle had been from the intersection when the bus driver had seen him, and the bus driver's sight lines. Since the jury, fairly interpreting the evidence, could have found that the bus driver did not violate the Vehicle and Traffic Law, a new trial would not be appropriate (*see, Olson v Dougherty*, 128 AD2d 920, 921-922). The trial court acted within its discretion (*see, Ginsberg v New York Prop. Ins. Underwriting Assn.*, 210 AD2d 130, 131) in permitting the defense medical expert to testify within specific limits on the intoxication issue, and, as the trial court found, under the unique circumstances of this case, plaintiff was not prejudiced by the lack of full compliance (CPLR 3101 [d] [1] [i]; *see, e.g., McDermott v Alvey, Inc.*, 198 AD2d 95). The report of a Manhattan and Bronx Surface Transit Operating Authority superintendent based on standards higher than those imposed on defendant by the common law was properly excluded from evidence (*see, Ramirez v Manhattan & Bronx Surface Tr. Operating Auth.*, 258 AD2d 326, 327, *lv denied* 93 NY2d 817). Concur—Rosenberger, J. P., Mazzarelli, Ellerin, Saxe and Buckley, JJ.