■ DEENA CASIERO, Appellant, v DAVID T. STAMER et al., Respondents. [764 NYS2d 470] —In an action to recover damages for medical malpractice, the plaintiff appeals from a judgment of the Supreme Court, Orange County (Owen, J.), dated June 18, 2002, which, upon a jury verdict, is in favor of the defendants and against her, dismissing the complaint.

Ordered that the judgment is reversed, on the law and as a matter of discretion, the complaint is reinstated, and a new trial is granted, with costs to abide the event.

On December 19, 1996, the defendant Dr. David T. Stamer performed arthroscopic surgery to reconstruct the anterior cruciate ligament (hereinafter ACL) in the plaintiff's left knee, which she had injured while engaged in athletic activities. The operation involved harvesting a piece of bone and tendon from the plaintiff's patella to use as an ACL graft, which would be held in place with a femoral interference screw. In the course of the operation the plaintiff's patella fractured, requiring Dr. Stamer to place two surgical screws through the patella to stabilize the fracture.

The plaintiff commenced this action to recover damages for medical malpractice after she had two additional operations on the same knee, performed by Dr. Ronald M. Krinick, her expert witness at trial. Dr. Krinick testified that, in his opinion, Dr. Stamer, in performing the arthroscopic surgery on December 19, 1996, deviated from accepted standards of medical practice by improper placement of one of the surgical screws in the patella, and of the femoral interference screw. He further opined that these deviations caused an arthritic condition to develop in the plaintiff's knee, necessitating the additional surgeries, and possibly a total knee replacement in the future.

Dr. Stamer testified that, in his opinion, the plaintiff

developed the arthritis as the result of recurrent traumatic injuries to her knee. When asked for examples of people who suffered ACL injuries and went on to develop degenerative arthritis in the knee, Dr. Stamer testified, over the plaintiff's general objection, that it commonly happened to athletes. He went on to list famous athletes, including Jerry Rice, Picabo Street, Mickey Mantle, Joe Namath, Kirk Gibson and Bo Jackson, who he testified developed post-traumatic arthritis after sustaining injuries similar to those of the plaintiff.

The jury returned a defense verdict, finding that Dr. Stamer had departed from accepted standards of medical practice in the placement of one of the surgical screws in the patella, and of the femoral interference screw, but that the departure was not a substantial factor in causing the plaintiff's injuries. The plaintiff appeals, arguing that the judgment should be reversed because Dr. Stamer was improperly permitted to testify concerning injuries to athletes whom he never treated. We agree, and therefore reverse the judgment and grant a new trial.

Although the plaintiff's original general objection, and subsequent objection to the testimony at issue on the ground that it went beyond the scope of the question, failed to preserve for appellate review her present contention that the testimony was inadmissable hearsay, we nevertheless reach the issue in the interest of justice (*see Zawadzki v 240 E. 76th St. Condominium,* 290 AD2d 551 [2002]). The improper admission into evidence of this testimony was a fundamental error, as it related to a central issue in the case, and therefore was highly prejudicial to the plaintiff's case.

"It is well settled that, to be admissible, opinion evidence must be based on one of the following: first, personal knowledge of the facts upon which the opinion rests; second, where the expert does not have personal knowledge of the facts upon which the opinion rests, the opinion may be based upon facts and material in evidence, real or testimonial; third, material not in evidence provided that the out-of-court material is derived from a witness subject to full cross-examination; and fourth, material not in evidence provided the out-of-court material is of the kind accepted in the profession as a basis in forming an opinion and the out-of-court material is accompanied by evidence establishing its reliability" (*Wagman v Bradshaw,* 292 AD2d 84, 86-87 [2002]).

Clearly, there was no acceptable basis for the admission of Dr. Stamer's opinion that numerous famous athletes, none of whom he treated, developed degenerative arthritis as a result

of traumatic knee injuries. Since there is a likelihood that the improper admission into evidence of this hearsay testimony affected the outcome of the trial, we reverse the judgment and grant a new trial. Altman, J.P., Krausman, Luciano and Crane, JJ., concur.