■ BERNARD J. RUDOLF et al., Appellants, v NANCY A. KAHN et al., Respondents. [771 NYS2d 370]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Nas-

sau County (Dunne, J.), entered December 4, 2002, which, upon a jury verdict on the issue of liability finding the plaintiff Bernard J. Rudolf 50% at fault in the happening of the accident, and, on the ground of inadequacy, upon a separate jury verdict on the issue of damages finding that the plaintiff Bernard J. Rudolf sustained damages in the sum of only $140,000 for past loss of earnings, $50,000 for future loss of earnings, $25,000 for past pain and suffering, and $25,000 for future pain and suffering, and that the plaintiff Doris Rudolf sustained damages in the sum of only $15,000 for loss of services, is in their favor of and against the defendants.

Ordered that the judgment is reversed, as an exercise of discretion, with costs, and a new trial is granted on all issues.

The plaintiff Bernard J. Rudolf (hereinafter the plaintiff) allegedly sustained injuries while crossing Sunrise Highway at the intersection with Hewlett Avenue in Merrick, Long Island, when he was hit by a car driven by the defendant Nancy A. Kahn (hereinafter the defendant). The defendant's vehicle was turning left from Hewlett Avenue onto Sunrise Highway. It is undisputed that there were traffic control signals for vehicular and pedestrian traffic at the intersection. There was conflicting testimony as to whether the plaintiff was in the crosswalk at the moment of impact.

Although the plaintiff did not properly preserve for appellate review his challenges to the jury charge pertaining to the Vehicle and Traffic Law, we nevertheless reach the issue in the exercise of our interest of justice jurisdiction (*see Casiero v Stamer,* 308 AD2d 499 [2003]), and find that the trial court committed reversible error by charging Vehicle and Traffic Law § 1151 instead of Vehicle and Traffic Law § 1111. Vehicle and Traffic Law § 1151 applies only where there is no controlling traffic signal at the intersection, which is not the case in this matter, whereas Vehicle and Traffic Law § 1111 applies to traffic controlled by traffic control signals (*see* Vehicle and Traffic Law §§ 1151 [a]; §§ 1150, 1111; *Kochloffel v Giordano,* 99 AD2d 798 [1984]). These statutes impose different rights and duties on the drivers and pedestrians. Under Vehicle and Traffic Law § 1111, the pedestrian has the right of way when crossing with the pedestrian light in a crosswalk (*see Pire v Otero,* 123 AD2d 611 [1986]; *Applebaum v Hersh,* 26 AD2d 58 [1966]). In contrast, under Vehicle and Traffic Law § 1151, although the pedestrian has the right of way, a duty is imposed on the pedestrian not to leave a curb or other place of safety and enter the path of the vehicle when the vehicle is so close that it is impractical for the driver to yield (*see* Vehicle and Traffic Law § 1151 [a], [b]). The

erroneous charge was a fundamental error requiring a new trial because it affected the jury's consideration of the plaintiff's liability if the jury determined that the plaintiff was in the crosswalk when he was hit. Altman, J.P., Krausman, Adams and Townes, JJ., concur.