■ ROBERT DICKE et al., Appellants, v JAMES RICHARD ANCI et al., Respondents. [821 NYS2d 93]—In an action to recover damages for personal injuries, the plaintiffs appeal from a judgment of the Supreme Court, Nassau County (Galasso, J.), entered December 17, 2004, which, upon a jury verdict in favor of the defendants on the issue of liability, and upon the denial of their motion pursuant to CPLR 4404 (a) to set aside the verdict as against the weight of the evidence and for judgment as a matter of law, is in favor of the defendants and against them, in effect, dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

"For a court to conclude as a matter of law that a jury verdict is not supported by sufficient evidence . . . [i]t is necessary to first conclude that there is simply no valid line of reasoning and permissible inferences which could possibly lead rational [people] to the conclusion reached by the jury on the basis of the evidence presented at trial" (*Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]). Furthermore, a jury verdict in favor of a defendant should not be set aside as against the weight of the evidence unless "the jury could not have reached the verdict on any fair interpretation of the evidence" (*Nicastro v Park*, 113 AD2d 129, 134 [1985]; *see Delgado v Board of Educ. of Union Free School Dist. No. 1 of Towns of Greenburgh & Mt. Pleasant*, 65 AD2d 547 [1978], *affd* 48 NY2d 643 [1979]). Here, the jury rationally could have concluded that the defendant driver acted reasonably and without negligence in proceeding through the intersection when he had the green traffic signal in his favor (*see* Vehicle and Traffic Law § 1111 [a] [1]; *Nazario v Stalica*, 272 AD2d 903 [2000]). Contrary to the plaintiffs' contention,

Vehicle and Traffic Law § 1151 (c) does not apply to this case because the intersection was governed by a traffic control device (*see Rudolf v Kahn,* 4 AD3d 408, 409 [2004]; *Kochloffel v Giordano,* 99 AD2d 798 [1984]). In addition, the jury verdict was supported by a fair interpretation of the evidence. Accordingly, the verdict should not be disturbed. Schmidt, J.P., Adams, Luciano and Lifson, JJ., concur.