■ John Davis, Appellant, v City of New York et al., Respondents, et al., Defendant. [895 NYS2d 819]—

Judgment, Supreme Court, Bronx County (Patricia Anne Williams, J.), entered November 25, 2008, after a jury trial, dismissing the complaint, unanimously affirmed, without costs.

Any error in charging Vehicle and Traffic Law § 1151 when the undisputed evidence was that the accident occurred at a crosswalk with a pedestrian control signal (*see Rudolf v Kahn,* 4 AD3d 408, 409 [2004]) was not prejudicial in view of the lack of any evidence that the then-12½-year-old plaintiff had relied on the presence of a crossing guard on the day of his accident (*cf. Florence v Goldberg,* 44 NY2d 189, 197 [1978] ["the plaintiff infant's mother relied upon . . . continued performance" by municipality of special duty it assumed to provide a school crossing guard]). Plaintiff did not object to the court's charge that proof of reliance by plaintiff himself, as opposed to his father, was necessary. Plaintiff's counsel was properly precluded from reading in rebuttal from plaintiff's deposition after the close of the evidence and after he had stated that he would not be eliciting rebuttal evidence, since his claimed failure to anticipate the need for such evidence was unjustified under the circumstances. The court's questions were designed to clarify the issues, and did not unduly interfere with counsel's presentation (*see Figueroa v Maternity Infant Care Family Planning Project, Med. & Health Research Assn. of N.Y. City,* 243 AD2d 424 [1997], *lv denied* 91 NY2d 807 [1998]). These comments from the bench did not demean counsel. Concur—Friedman, J.P., Catterson, McGuire, Acosta and Renwick, JJ.