Judgment, Supreme Court, New York County (Arthur F. Engoron, J.), entered September 20, 2012, which, insofar as appealed from as limited by the briefs, upon a jury trial on liability, apportioned 40% liability to defendants, reversed, on the law, without costs, the judgment vacated, and the matter remanded for a new trial on liability.
Defendants appeal from a judgment entered upon a jury verdict returned at the retrial of this action. Plaintiff is alleged to have sustained personal injury when he stepped off a curb and came into contact with a bus operated by defendant Transit Authority and driven by defendant Cindy Hooper. Upon reversing the prior judgment, this Court noted that plaintiffs theory of the case, as supported by testimony given by independent witnesses, was that he “was hit immediately after he stepped off the sidewalk and into the path of the bus . . . without looking” and while well outside the crosswalk (82 AD3d 448, 449 [1st Dept 2011]). We noted, “The jury could not rationally have found fault on the part of the bus driver unless it accepted *404 plaintiffs theory that the bus was traveling ‘too close’ to the curb as it approached the bus stop” (id. at 448). However, because defendant had failed to object to the admission of unsubstantiated testimony supporting this theory, reversal was predicated on the improper provision of a Noseworthy instruction (Noseworthy v City of New York, 298 NY 76 [1948]) and the jury’s irrational finding that plaintiff was free of comparative negligence.
Our prior observation followed this Court’s decision in Splain v New York City Tr. Auth. (180 AD2d 454 [1st Dept 1992], lv denied 80 NY2d 759 [1992]), the facts of which do not differ in material respects. There, the plaintiff, standing at the curb, suddenly stepped off, “almost instantly colliding with the side of a Transit Authority bus traveling at a speed of from 10 to 15 miles per hour” (id. at 454). We concluded that no actionable negligence was demonstrated (citing Rucker v Fifth Ave. Coach Lines, 15 NY2d 516 [1964], remittitur amended 15 NY2d 852 [1965], cert denied 382 US 815 [1965]).
At the retrial of the instant matter, plaintiff again posited that Hooper was operating her vehicle too close to the curb. In support of this contention, he was permitted to offer, over defendants’ objection, the videotaped testimony of William Careccia, a retired Transit Authority superintendent and supervisor, who investigated the accident. Though not qualified as an expert, Careccia offered conclusions and opinions based on both his common sense and Transit Authority operating criteria, which he conceded “are much higher than anyone else’s, so I would look at the accident by our standards a lot different from anyone else.”
The admission of testimony that holds a defendant to a higher standard of care than required by common law is clearly erroneous (see Crosland v New York City Tr. Auth., 68 NY2d 165, 168-169 [1986]; Montes v New York City Tr. Auth., 46 AD3d 121, 123-124 [1st Dept 2007]; Karoon v New York City Tr. Auth., 286 AD2d 648, 649 [1st Dept 2001]). Moreover, the admitted testimony cannot be considered harmless error because it concerns the ultimate issue to be decided and corroborates unsupported theories of liability proffered by plaintiff’s expert, thereby lending them an unwarranted air of authority. It is well settled that “the duty owed by one member of society to another is a legal issue for the courts” (Eiseman v State of New York, 70 NY2d 175, 187 [1987]). Only after the extent of a duty has been established as a matter of law may a jury resolve — as a question of fact — whether a particular defendant has breached that duty with respect to a particular plaintiff (Kimmell v *405 Schaefer, 89 NY2d 257, 263 [1996]). As this Court has noted numerous times, “Where the offered proof intrudes upon the exclusive prerogative of the court to render a ruling on a legal issue, the attempt by a plaintiff to arrogate to himself a judicial function under the guise of expert testimony will be rejected” (Singh v Kolcaj Realty Corp., 283 AD2d 350, 351 [1st Dept 2001]; see also Chunhye Kang-Kim v City of New York, 29 AD3d 57, 60 [1st Dept 2006]). Concur — Tom, J.P., Andrias and Renwick, JJ.