DeGrasse, J.
dissents in a memorandum as follows: The case involves an accident in which plaintiff, a pedestrian, was struck by a New York City Transit Authority bus. On a prior appeal, we reversed a judgment in favor of plaintiff and ordered a new trial on grounds that included our determination that the jury’s finding of no comparative negligence was “irrational” (82 AD3d 448, 453 [1st Dept 2011]).
A critical issue at the instant trial was whether the bus operator was driving too close to the curb line. According to defendants, the accident happened when the bus was two feet, seven inches away from the curb. Citing Crosland v New York City Tr. Auth. (68 NY2d 165 [1986]), Montes v New York City Tr. Auth. (46 AD3d 121 [1st Dept 2007]) and Karoon v New York City Tr. Auth. (286 AD2d 648 [1st Dept 2001]), the majority bases its reversal of the judgment entered solely on the premise that the trial court improperly allowed a New York City Transit Authority (NYCTA) investigator to testify as to his conclusions and opinions which were based on NYCTA’s operating criteria which exceeded the common-law negligence standard of care. Crosland involved the application of a specific rule, “rule 85,” which imposed a duty higher than that actually owed in the exercise of ordinary care (Crosland, 68 NY2d at 168-169). Montes involved testimony of how the driver’s operation of the vehicle in that case “measured up to the Transit Authority’s internal rules and standards” (Montes, 46 AD3d at 123). Similarly, Karoon involved testimony that was based on actual standards (Karoon, 286 AD2d at 649). This case is readily distinguishable because, as defendants concede in their brief, the investigator testified that he was not aware of any Transit Authority rule that dealt with a recommended “safety cushion” between buses and curb lines — a matter on which he and plaintiff’s expert opined.* Therefore, the majority’s premise is flawed as the jury heard no *406 testimony about a standard of care that was higher than that imposed by common law. The argument that defendants actually make is that the investigator’s “views were incompetent.” This cannot be equated with an argument that the investigator’s testimony called for an impermissibly more stringent standard of care.
I am not persuaded by the sole argument set forth in defendants’ brief — that plaintiff failed to prove negligence on the part of defendant driver or that such negligence proximately caused plaintiffs injuries. In order for a court to set aside a verdict and direct a judgment as a matter of law there must be “no valid line of reasoning and permissible inferences which could possibly lead rational [persons] to the conclusion reached by the jury on the basis of the evidence presented at trial” (Cohen v Hallmark Cards, 45 NY2d 493, 499 [1978]). I would affirm the judgment entered below because defendants have not made the required showing.

 Although not binding for purposes of this appeal, we determined on the last appeal that a finding of liability on the safe-cushion theory then advanced by plaintiffs expert was supported by legally sufficient evidence (82 AD3d at *406 455). In contrast to the majority’s conclusion today, we did not find on the last appeal that the safe cushion theory involved a duty higher than that imposed by common law.