In an action to recover damages for breach of contract, unjust enrichment, and conversion, the defendants appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Kings County (Vaughan, J.), entered March 8, 2012, as, upon a jury verdict, is in favor of the plaintiffs and against them in the principal sums of $85,000 for breach of contract and $90,000 for unjust enrichment, and the plaintiffs cross-appeal, as limited by their brief, from so much of the same judgment as, upon an order of the same court (Sunshine, Ct. Atty. Ref.), dated January 8, 2012, made after a hearing, failed to award them damages for conversion.
Ordered that the judgment is reversed, on the law and in the exercise of discretion, without costs or disbursements, the order dated January 8, 2012, is vacated, and a new trial is granted on all issues.
In its charge to the jury, the trial court committed several errors that warrant a new trial. Over the defendants’ objections, the trial court failed to instruct the jury that one of the essential elements of a cause of action for breach of contract is that the plaintiffs performed under the contract (see Palmetto Partners, L.P. v AJW Qualified Partners, LLC, 83 AD3d 804, 806 [2011]; PJI 4:1). The trial court compounded its error when it mischaracterized the nature of the plaintiffs’ breach of contract cause of action by charging the jury on a theory of liability that was not pleaded in the complaint (see Ciarelli v Lynch, 22 AD3d 987, 988-989 [2005]). Further, the trial court improperly conflated the causes of action for breach of contract and unjust enrichment by telling the jury “if you determine there was a breach of contract and unjust enrichment,” and “if you determine it was a breach of contract for unjust enrichment . . . you will then determine [damages].” In any event, the trial court should have charged the jury that the plaintiffs could not recover damages under their cause of action alleging the quasi-contract claim of unjust enrichment if the jury found that the parties entered into an oral contract which covered the same subject matter (see Woss, LLC v 218 Eckford, LLC, 102 AD3d 860, 862 [2013]; A. Montilli Plumbing & Heating Corp. v Valentino, 90 AD3d 961, 962 [2011]). Here, the jury did find that there was a valid and enforceable contract between the parties that the defendants breached, and thus, the plaintiffs could not *713 recover for unjust enrichment (see A. Montilli Plumbing & Heating Corp. v Valentino, 90 AD3d at 962). Under these circumstances, the trial court’s instructions were “inconsistent, erroneous, [and] confusing” (Rakoff v New York City Dept. of Educ., 110 AD3d 780, 781 [2013] [internal quotation marks omitted]). Although only the defendants’ objection to the trial court’s failure to charge the element of performance is preserved for appellate review, we reach these issues because the errors were of such a fundamental nature that they warrant the invocation of our interest of justice jurisdiction (see Martin v City of Cohoes, 37 NY2d 162, 165 [1975]; Ciarelli v Lynch, 22 AD3d at 989-990; Rudolf v Kahn, 4 AD3d 408, 409 [2004]; Casiero v Stamer, 308 AD2d 499, 500 [2003]).
The plaintiffs contend on their cross appeal, inter alia, that the special referee erred in determining that they were not entitled to damages on their cause of action for conversion. We note that the record indicates substantial juror confusion, including three notes the jury sent to the trial court and its contradictory verdict on the plaintiffs’ cause of action for conversion. On the record presented, the matter should not have been referred to the special referee to determine the damages issue on the cause of action for conversion. In light of the fundamental charge errors with respect to the causes of action for breach of contract and unjust enrichment and indications of substantial juror confusion affecting the cause of action for conversion, we direct a new trial on all causes of action, vacate the order dated January 8, 2012, and direct a new trial on all issues (see Roberts v County of Westchester, 278 AD2d 216, 217 [2000]; Clarke v Order of Sisters of St. Dominic, 273 AD2d 431, 432 [2000]).
The parties’ remaining contentions are academic in light of our determination.
Balkin, J.E, Chambers, Lott and Hinds-Radix, JJ., concur.