*Courchevel 1850 LLC v. Wisdom Equities LLC*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of February, two thousand twenty-one.

PRESENT:

DENNIS JACOBS,

RICHARD J. SULLIVAN,

JOSEPH F. BIANCO,

*Circuit Judges.*

_____

COURCHEVEL 1850 LLC,

*Plaintiff-Counter-*

*Defendant-Counter-*

*Claimant-Appellant,*

v.                                                                No. 20-815

WISDOM EQUITIES LLC, 4 LAFAYETTE REALTY LLC,

*Intervenors-Counter-*

*Claimants-Counter-*

*Defendants-Appellees.*[*]

_____

| | |
|---|---|
| **For Appellant:** | Danielle P. Light, Hasbani & Light, P.C., New York, NY. |
| **For Appellee 4 Lafayette Realty LLC:** | JASON LOWE, Law Offices of Jason Lowe, New York, NY. |

Appeal from the United States District Court for the Southern District of New York (Vincent L. Briccetti, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Appellant Courchevel 1850 LLC appeals the March 3, 2020 decision of the district court (Briccetti, *J.*) granting summary judgment in favor of Appellees Wisdom Equities and 4 Lafayette Realty LLC on their counterclaims for rescission, unjust enrichment, and breach of contract, and awarding Appellees a money judgment in the amount of $366,869.04. Courchevel argues that there was a lack of admissible evidence supporting the district court's decision to grant Appellees'

---

[*] The Clerk of Court is respectfully directed to amend the caption as set forth above.

summary judgment motion on rescission, and relatedly, that summary judgment on Appellees' unjust enrichment counterclaim was not warranted. Courchevel also contends that the district court erred by awarding Appellees "both summary judgment on their claim for rescission (equitable remedy) and for breach of contract (remedy at law)," Courchevel Br. at 14, because rescission results in the absence of a contract, which in turn precludes a legal remedy, and that triable issues of fact remain with respect to the breach of contract claim. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

The district court properly granted summary judgment on Appellees' counterclaim for rescission for failure of consideration, which also defeated the purpose and substance of the contract. In New York, "[a] contract may be rescinded for failure of consideration, . . . for inability to perform it after it is made, for repudiation of the contract or an essential part thereof and for such a breach as substantially defeats its purpose," including breaches that were "so substantial and fundamental as to strongly tend to defeat the object of the parties in making the contract." *Callanan v. Keeseville, Ausable Chasm & Lake Champlain R.R. Co.*, 199 N.Y. 268, 269 (1910). "Failure to perform in every respect is not essential, but a

failure which leaves the subject of the contract substantially different from what was contracted for is sufficient." *Id.* "Where the consideration appears to be valuable and sufficient, but turns out to be wholly false, or a mere nullity . . . the consideration wholly fails . . . and the party paying or depositing money upon it can recover it back." *Chapman v. City of Brooklyn*, 40 N.Y. 372, 379–80 (1869) (internal quotation marks omitted).

Here, the parties contracted for the assignment of a winning bid at a foreclosure sale; that foreclosure sale was unwound, making the bid "a mere nullity." *Id.* at 379. As the district court determined, "[s]ince [4 Lafayette] cannot receive that which [it] bargained for" – a bid for the property – "there is a failure of consideration," which "gives the disappointed party the right to rescind the contract." *Fugelsang v. Fugelsang*, 517 N.Y.S.2d 176, 177 (2d Dep't 1987); *see Flandrow v. Hammond*, 148 N.Y. 129, 132–33 (1895) (finding a failure of consideration where a purportedly attached judgment "sold by the defendant to the plaintiff was never in fact levied upon . . . and, hence, . . . void").

Contrary to Courchevel's view, whether the mortgage was in fact previously paid by defendants (who are not parties to this appeal) is irrelevant to

4

whether the consideration for the contract failed. Accordingly, so too are its arguments that the district court improperly relied on hearsay evidence or a void satisfaction to find that the default judgment should be vacated – particularly as the vacatur itself is not being appealed here. In vacating its entry of default judgment, the district court undid the foreclosure sale, nullifying the deed based on the winning bid that was the subject of the assignment between Courchevel and 4 Lafayette. That nullification, which Courchevel does not contest, alone caused the failure of consideration.

Just as the district court did not err in granting summary judgment for Appellees on their counterclaim for rescission, it relatedly did not err in finding that Appellees were entitled to recover on their claim for unjust enrichment. "To prevail on a claim for unjust enrichment in New York, a plaintiff must establish (1) that the defendant benefitted; (2) at the plaintiff's expense; and (3) that equity and good conscience require restitution." *Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of N.J., Inc.*, 448 F.3d 573, 586 (2d Cir. 2006) (internal quotation marks omitted). As a "quasi-contract claim," unjust enrichment "is an obligation the law creates in the absence of any agreement." *Id.* (emphasis and internal quotation marks omitted). "[W]here rescission of a contract is warranted, a party

5

may timely rescind and seek recovery on the theory of quasi contract." *Id.* at 587 (internal quotation marks omitted). As discussed, rescission is warranted, enabling Appellees to seek equitable recovery. Courchevel admits that it received from 4 Lafayette the purchase price, less credits for taxes, and that 4 Lafayette's acquisition of the property was unwound by the nullification of the deed. We therefore have no difficulty affirming the district court's judgment on unjust enrichment: Courchevel benefited at 4 Lafayette's expense, and equity and good conscience require restitution.

Courchevel is correct, however, that the district court could not award summary judgment on the counterclaim for breach of contract in addition to those for rescission and unjust enrichment. Because the district court granted rescission, there was no longer a valid contract on which it could find breach and legal damages. *See Krigsfeld v. Feldman*, 982 N.Y.S.2d 487, 489 (2d Dep't 2014) (explaining that "plaintiffs could not recover damages under their cause of action alleging the quasi-contract claim of unjust enrichment if the jury found that the parties entered into an oral contract which covered the same subject matter"). Since 4 Lafayette only moved for summary judgment on the breach of contract claim in the alternative to rescission, and the district court ruled on the breach of

contract claim by "assuming the parties have an enforceable agreement," Sp. App'x at 12, the disposition granting judgment on both rescission and breach of contract was facially inconsistent, though ultimately of no consequence.[2]

We have considered Courchevel's remaining arguments and find them to be meritless. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[2] The district court awarded legal damages in the amount of $32,000 for the breach of contract claim. The court also found that Appellees were entitled to judgment on the unjust enrichment and rescission counterclaims in light of the fact that Courchevel had "accepted $320,000 from 4 Lafayette but it did not and cannot perform its end of the bargain." Sp. App'x at 11. While not explicit in the judgment, the $32,000 in legal damages appears to have been subsumed into the final judgment's principal award of $320,000, and otherwise not separately awarded. Thus, the judgment on the contract claim does not affect the final judgment award.