Rosenblatt v Parnes (2022 NY Slip Op 04657)

Rosenblatt v Parnes

2022 NY Slip Op 04657

Decided on July 20, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 20, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
SHERI S. ROMAN
LINDA CHRISTOPHER
WILLIAM G. FORD, JJ.

2019-11182
 (Index No. 500410/17)

[*1]David Rosenblatt, respondent,
v
Cypora Parnes, et al., appellants.

Picciano & Scahill, P.C., Bethpage, NY (Gerard Ferrara of counsel), for appellants.
Goldblatt & Associates, P.C., Mohegan Lake, NY (Kenneth B. Goldblatt and Raul Velez of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Peter P. Sweeney, J.), dated August 19, 2019. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was, in effect, pursuant to CPLR 4044(a) to set aside a jury verdict in favor of the defendants and against the plaintiff and for a new trial in the interest of justice on the ground that the court erred in instructing the jury with respect to Vehicle and Traffic Law § 1151(b).
ORDERED that the order is affirmed insofar as appealed from, with costs.
On the morning of November 9, 2015, the plaintiff, a pedestrian, while crossing East 28th Street at its intersection with Avenue J in Brooklyn, came into contact with a vehicle driven by the defendant Cypora Parnes and owned by the defendant Ari Parnes. It is undisputed that the subject intersection is controlled by traffic-control signals. After a trial, a jury found that the defendant driver was not negligent in the happening of the accident.
The plaintiff moved, inter alia, in effect, pursuant to CPLR 4044(a) to set aside the jury verdict and for a new trial in the interest of justice based upon the fact that the Supreme Court charged the jury with respect to Vehicle and Traffic Law § 1151(b) over the plaintiff's objection. The court granted that branch of the plaintiff's motion, and the defendants appeal.
"Vehicle and Traffic Law § 1151 applies only where there is no controlling traffic signal at the intersection, which is not the case in this matter, whereas Vehicle and Traffic Law § 1111 applies to traffic controlled by traffic control signals" (Rudolf v Kahn, 4 AD3d 408, 409; see Vehicle and Traffic Law §§ 1151[a]; 1150, 1111; Kochloffel v Giordano, 99 AD2d 798). "These statutes impose different rights and duties on the drivers and pedestrians" (Rudolf v Kahn, 4 AD3d at 409). As stated by this Court in Rudolf v Kahn, "Under Vehicle and Traffic Law § 1111, the pedestrian has the right of way when crossing with the pedestrian light in a crosswalk. In contrast, under Vehicle and Traffic Law § 1151, although the pedestrian has the right of way, a duty is imposed on the pedestrian not to leave a curb or other place of safety and enter the path of the vehicle when the vehicle is so close that it is impractical for the driver to yield" (id. [citations omitted]; see Vehicle and Traffic Law §§ 1111, 1151[a], [b]). Thus, in Rudolf v Kahn, this Court, [*2]which determined that the plaintiff did not properly preserve this contention for appellate review, reached the issue in the exercise of its interest of justice jurisdiction and determined that "the trial court committed reversible error by charging Vehicle and Traffic Law § 1151 instead of Vehicle and Traffic Law § 1111" (Rudolf v Kahn, 4 AD3d at 409).
Here, it is undisputed that the subject intersection was controlled by traffic-control signals (see Vehicle and Traffic Law § 1111). Despite this, the Supreme Court, over the plaintiff's objection, charged the jury with Vehicle and Traffic Law § 1151(b), and, although the plaintiff did not request it, failed to charge the jury with Vehicle and Traffic Law § 1111. Since the jury was instructed on a statutory standard of care not applicable the facts of this case, the court's charge constituted error because it affected the jury's consideration of the parties' liability (see Rudolf v Kahn, 4 AD3d at 409-410).
Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was, in effect, pursuant to CPLR 4044(a) to set aside the jury verdict in favor of the defendants and against the plaintiff in the interest of justice and for a new trial on the ground that the court erred in charging the jury with respect to Vehicle and Traffic Law § 1151(b).
The parties' remaining contentions are either without merit or not properly before this Court.
CONNOLLY, J.P., ROMAN, CHRISTOPHER and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court