■   SEYMOUR EICHENHOLTZ, Respondent, v. LIVERY SERVICE CORP., Appellant.— In a negligence action to recover damages for personal and property injuries, defendant appeals from an interlocutory judgment of the Supreme Court, Queens County, dated February 29, 1972, in favor of plaintiff on the issue of liability, upon a jury verdict, after trial on that issue only. Interlocutory judgment reversed, on the law, and new trial granted, with costs to abide the event. The court has considered the questions of fact and has determined that it would not grant a new trial upon those questions. In our opinion, section 1201 of the Vehicle and Traffic Law should not have been charged to the jury. The applicable law to be charged should have been the pertinent provisions of the Traffic Regulations of the City of New York (Vehicle and Traffic Law, § 1642; *Giordano* v. *Sheridan Maintenance Corp.,* · 38 A D 2d 552). Defendant's erroneous request to charge subdivision (b) of section 1201 of the Vehicle and Traffic Law, because the Trial Justice had already charged subdivision (a) of that section, only compounded the error in the charge in making any reference to section 1201. Under the circumstances of this case, defendant's request to charge subdivision (b) of section 1201 of the Vehicle and Traffic Law and its failure to request to charge the applicable provisions of the Traffic Regulations of the City of New York do not estop defendant from raising, on appeal, the inadequacies of the charge. Hopkins, Acting P. J., Munder, Gulotta, Brennan and Benjamin, concur.

■   ALBERT FACKRE et al., Appellants, v. WILLIAM RUBENSTEIN et al., Respondents.— In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal from (a) an order of the Supreme Court, Queens County, dated May 21, 1971, which denied a general preference, and (b) an order of the same court, dated October 28, 1971, which denied plaintiffs' motion for reconsideration. ·Order of October 28, 1971 reversed, without costs, motion for reconsideration granted and, on reconsideration, a general preference is granted. If so advised, defendants may have a further physical examination upon 10 days' written notice. Appeal from order of May 21, 1971 dismissed, without costs. In our opinion, the claimed injuries and special damages were sufficient to warrant the grant of a general preference. The order of May 21, 1971 was not included in the record on appeal. In any event, the appeal from that order is academic in view of the determination herein on the appeal from the order of October 28, 1971. Hopkins, Acting P. J., Munder, Gulotta, Brennan and Benjamin, JJ., concur.