■ MARY PIRE et al., Respondents, v FERNANDO OTERO et al., Appellants.—In a negligence action to recover damages for personal injuries, the defendants appeal from so much of an order of the Supreme Court, Queens County (Lerner, J., on order; Kunzeman, J., on decision), dated September 19, 1985, as granted the plaintiffs' motion to set aside a jury verdict which was in favor of the defendants.

Order affirmed insofar as appealed from, with costs.

On January 26, 1982, at approximately 4:00 P.M., the plaintiff Mary Pire (hereinafter the plaintiff), then 63 years of age, was struck in a crosswalk while traversing 34th Avenue, at its intersection with Steinway Street, in a southerly direction, with the light in her favor, by a vehicle operated by the defendant Anna Esposito and owned by the defendant Fernando Otero. The Esposito vehicle was also proceeding in a southerly direction with the same green light as the pedestrian and made a right turn at the intersection. The jury rendered a verdict in favor of the defendants. Upon the plaintiffs' motion, the trial court (Kunzeman, J.), set aside the verdict as not supported by any fair interpretation of the evidence and ordered a new trial. We affirm.

As this court has recently stated, "[i]t is well settled that a motion to set aside a verdict as contrary to the weight of the evidence invokes the court's discretion, and resolution of such a motion involves an application of that professional judgment gleaned from the Judge's background and experience as a student, practitioner and Judge" (Nicastro v Park, 113 AD2d 129, 134-135). Moreover, "that discretion is at its broadest when it appears that the unsuccessful litigant's evidentiary position was particularly strong compared to that of the victor" (Nicastro v Park, supra, at p 136). The trial court's decision to exercise its discretion, set aside a verdict as against the weight of the evidence, and order a new trial must be accorded "great respect" (Nicastro v Park, supra, at p 137).

Application of the foregoing principles to the case at bar discloses that the record is "replete with evidence of negligence [and] that the trial court did not abuse its discretion in setting aside the verdict and ordering a new trial" (Nicastro v Park, supra, at p 137). This verdict could not have been reached on any fair interpretation of the evidence. At bar, an

impartial police blotter witness, one Erasmus Parra, who observed the accident, testified that he saw the plaintiff enter the involved intersection in the crosswalk with the light in her favor. Parra, who observed the defendants' vehicle as it turned into the intersection, estimated that it was traveling at a rate of approximately 15 to 20 miles per hour when it struck the plaintiff who was "picked up into the air" upon impact. He further testified that he observed no skidding prior to the impact.

The defendant Anna Esposito, the operator of the accident vehicle, testified that upon reaching the intersection of Steinway Street and 34th Avenue, the traffic signal was red for her. She stopped her automobile and waited for the light to turn green. She claimed that she never saw anyone at the corner where the plaintiff crossed. When the light changed, Esposito proceeded from a "dead stop" and never exceeded a speed of five miles per hour. Despite this testimony, Esposito nevertheless claimed that as soon as she began her turn, her vehicle began to skid. She contends that, while making the turn, she saw no one in the crosswalk. Although Esposito conceded that the sun was in her eyes prior to making the turn, she stated that she could still see the street ahead of her but that she never saw the plaintiff and never felt any impact between her automobile and any object, "including a person". She stopped her vehicle, not because she thought she had hit someone, but because there was a "commotion" outside. There is no dispute, however, that upon exiting the vehicle, Esposito observed the plaintiff lying in the street.

In short, considering the facts of this case, including the defendant, Anna Esposito's duty to yield the right-of-way (see, Vehicle and Traffic Law § 1111 [a] [1]), and Esposito's testimony that she never saw the plaintiff at any time, a finding that she was not negligent in any manner was against the weight of the evidence. In *Loeb v United Traction Co.* (24 AD2d 917, 918), a case tried under the former contributory negligence rule involving a similar factual pattern, a verdict in favor of the defendant was set aside for the following reasons relevant to this discussion: "It is clear that the defendant operator failed to yield the right of way to which plaintiff was entitled * * * and that he was otherwise negligent in failing to observe her upon the crosswalk."

Accordingly, it cannot be said that the court abused its discretion in setting aside the jury's verdict and ordering a new trial. Thompson, J. P., Niehoff, Eiber and Spatt, JJ., concur.