■ JOSEPH FOX, Respondent, v DAVID LYTE et al., Defendants and Third-Party Plaintiffs-Appellants. CITY OF NEW YORK, Third-Party Defendant-Respondent, et al., Third-Party Defendants.—In an action to recover damages for personal injuries, the defendants Lyte appeal from an interlocutory judgment of the Supreme Court, Queens County (Flug, J.), dated January 7, 1987, which, upon a jury verdict on the issue of liability only, found them 40% at fault in the happening of the accident, found the defendant Manhattan and Queens Fuel Corp. 60% at fault in the happening of the accident and absolved the third-party defendant City of New York of all liability in the happening of the accident, and the defendant Manhattan and Queens Fuel Corp. separately appeals, as limited by its brief, from so much of the same judgment as found it to be 60% at fault in the happening of the accident.

Ordered that the appeal by the defendants third-party plaintiffs Lyte from so much of the interlocutory judgment as absolved the City of New York of all liability is dismissed (see, CPLR 5511); and it is further,

Ordered that the interlocutory judgment is modified, as a matter of discretion, by deleting the first and third decretal paragraphs thereof; as so modified, the interlocutory judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for a new trial of the plaintiff's causes of action against the defendants Lyte and the defendant Manhattan and Queens Fuel Corp., and the defendants Lyte's claims against Manhattan and Queens Fuel Corp.; and it is further,

Ordered that the defendants Lyte and Manhattan and Queens Fuel Corp., appearing separately and filing separate briefs, are awarded one bill of costs, payable by the plaintiff.

At approximately 8:30 P.M. on the rainy night of April 14,

1980, a gasoline truck owned by the defendant Manhattan and Queens Fuel Corp. (hereinafter M & Q) overturned on the Long Island Expressway near the Maurice Avenue exit in Queens and burst into flames. It appears that gasoline leaked onto portions of the roadway. The truck was operated by M & Q's employee, Martin Diaz, who, although named as a party defendant, was never served with a summons and complaint. The evidence indicates that Diaz's wife may have been a passenger in the truck, in violation of a New York State Department of Transportation regulation which prohibits drivers of certain vehicles from transporting persons other than employees without the written authorization of the motor carrier under whose authority the motor vehicle is being operated (see, 17 NYCRR 820.11, incorporating by reference 49 CFR 392.60).

Firefighters who responded to the scene used water and foam to control and ultimately extinguish the fire. Police closed the highway to traffic in the immediate area of the accident and traffic, guided by cones placed on the highway, was detoured to the Maurice Avenue exit. Four and a half hours after the original accident and more than two hours after the fire was extinguished, a car driven by the defendant David Lyte, who testified that his speed was approximately 40 to 45 miles per hour, allegedly skidded, went out of control and through the cones, and struck a police patrol car in which the plaintiff, a police detective who had responded to the scene some two hours before, was seated. The plaintiff, *inter alia,* sues the defendants Lyte and M & Q to recover for injuries sustained in that collision. The defendant M & Q impleaded the third-party defendant the City of New York, apparently because of its alleged negligence in leaving foam, water and gasoline on the roadway. The defendants Lyte interposed no claim against the city, which has not appeared on this appeal.

We do not agree with M & Q that the evidence was legally insufficient to support a finding of liability as against it (see, *O'Boyle v Avis Rent-A-Car Sys.,* 78 AD2d 431, 438-439). According to an accident report admitted into evidence, Mr. Diaz, who did not testify at trial, stated that the truck skidded on wet pavement, causing him to lose control of the truck, hit the curb and flip over. This account is sufficient to give rise to an inference of negligence (see, *Pfaffenbach v White Plains Express Corp.,* 17 NY2d 132; see also, *Coury v Safe Auto Sales,* 32 NY2d 162). Although the evidence was conflicting as to whether the Lyte vehicle skidded because of the presence of gasoline spilled from the M & Q truck, because of the foam

and water left by the firefighters, because of a wet and slippery condition caused by rain, or solely because of negligence attributable to the defendants Lyte, a fair interpretation of the evidence could support a conclusion that the presence of gasoline was at least one of the causes. Nor can it be said that, as a matter of law, events subsequent to the original accident were so extraordinary and, in the ordinary course of events, not foreseeable, so as to break the causal nexus between negligence on the part of Diaz and the collision giving rise to the plaintiff's injuries (see, Derdiarian v Felix Contr. Corp., 51 NY2d 308, rearg denied 52 NY2d 784, 829). We nonetheless conclude that because of errors in the trial court's instructions to the jury with respect to the defendants Lyte and M & Q, a new trial is required.

In addition to informing the jury that skidding by the M & Q truck is a circumstance to be considered in determining whether M & Q was negligent, the trial court instructed the jury that, if it found that M & Q violated the regulations of the New York State Department of Transportation because of Mrs. Diaz's presence in the truck, it could consider that violation as some evidence of negligence. We need not determine whether 17 NYCRR 820.11 and 49 CFR 392.60 establish a standard of care to be observed by a truck driver in relation to other drivers (see, Dance v Town of Southampton, 95 AD2d 442, 447). The record is devoid of any evidence that Mrs. Diaz's presence in the truck was a proximate cause of either accident. It was therefore error for the trial court to submit that issue to the jury. Moreover, because the evidence of negligence on the part of Diaz was far from overwhelming, we cannot agree with the plaintiff that this error was harmless.

We do not agree with the defendants Lyte that, based on the evidence presented, the trial court erred when it refused to give the jury an emergency charge (see, PJI 2:14; see also, Hardy v Sicuranza, 133 AD2d 138). We do conclude, however, that it was error for the trial court to instruct the jury that if David Lyte violated Vehicle and Traffic Law § 1180 (e), that violation constituted negligence. That statutory provision was in this case, superseded by City of New York Traffic Regulations § 60 (see, Vehicle & Traffic Law § 1642; City of New York Traffic Regulations § 190). Violation of a regulation "as distinguished from a violation of a statute, such as the Vehicle and Traffic Law, is but some evidence of negligence, if the failure to comply therewith is [a] proximate cause of the accident" (Piarulli v Lason, 35 AD2d 605). The interests of justice and the circumstances of this case require reversal and a new trial

with respect to the liability of the defendants Lyte, notwithstanding their failure to except to that instruction *(see, Eichenholtz v Livery Serv. Corp.,* 40 AD2d 990).

In light of our determination that a new trial is required as to the liability of the defendants, we do not reach M & Q's contention that the jury's apportionment of fault is against the weight of the evidence. Nor do we address the propriety of certain evidentiary rulings which the defendants Lyte challenge on appeal but the propriety of which at retrial will depend upon the foundation laid therefor *(see, Ando v Woodberry,* 8 NY2d 165; *Augustine v Village of Interlaken,* 68 AD2d 705, 710, *lv dismissed* 48 NY2d 608; *Montalvo v Morales,* 18 AD2d 20; *see also, Kelly v Wasserman,* 5 NY2d 425; *Murray v Donlan,* 77 AD2d 337, *appeal dismissed* 52 NY2d 1071). Finally, although the defendants Lyte challenge on appeal the propriety of the trial court's instructions to the jury with respect to the liability of the city, inasmuch as they did not implead the city, they are not aggrieved by that portion of the judgment dismissing the third-party complaint *(see,* CPLR 5511). M & Q, as third-party plaintiff, interposes no appellate challenge to so much of the judgment as absolved the city of liability.

We have considered the remaining contentions of the parties and find them to be without merit. Kunzeman, J. P., Eiber, Kooper and Harwood, JJ., concur.