◼ ESTER FINKEL et al., Appellants, v JEANNE L. BENOIT et al., Respondents. [622 NYS2d 295] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Kings County (Huttner, J.), entered March 22, 1993, which, upon a jury verdict in favor of the defendants and against them, dismissed the complaint.

Ordered that the judgment is reversed, on the facts and as an exercise of discretion, and a new trial is granted, with costs to abide the event.

On December 8, 1988, at approximately 9:00 A.M. on a clear day, an automobile driven by the defendant Jeanne L. Benoit struck and injured the plaintiff Ester Finkel while she was walking across the intersection of 21st Street and 44th Drive in Long Island City. The intersection was controlled by traffic lights and pedestrian "walk" and "don't walk" signs.

Ms. Finkel testified that she waited for a "walk" signal. After looking to her left and, halfway across 21st Street, to her right, and seeing no on-coming cars, she continued to cross

that street. She was struck by a car driven by Ms. Benoit before reaching the other side of 21st Street. She testified that at no time did she see the "walk" sign change to "don't walk".

Ms. Benoit testified that she stopped her car on 44th Drive, observing a red traffic light at the intersection with 21st Street. She then made a wide turn around a parked truck on 21st Street, at which point her car hit Ms. Finkel, who ended up on her car. Ms. Benoit further testified that she did not see Ms. Finkel and "didn't see any crosswalk", but that "if [Ms. Finkel] was in the crosswalk I would have seen her". Ms. Benoit stated that she did not know what she was looking at as she made the right turn.

The court then charged the jury, citing, among other provisions, Vehicle and Traffic Law § 1152, that if the jury found that Ms. Finkel, as a pedestrian, violated the Vehicle and Traffic Law, "that also would constitute negligence".

The jury returned a verdict finding that the defendant was not negligent. On appeal, the plaintiffs contend that the verdict was against the weight of the evidence. We agree.

"[A] jury verdict [may be set aside] and * * * a new trial [may be granted] when the jury's determination is palpably incorrect and a substantial injustice * * * done if the verdict were sustained (see, Nordhauser v New York City Health & Hosps. Corp., 176 AD2d 787, 789). Weight of the evidence analysis involves a balancing of many factors (see, Cohen v Hallmark Cards, 45 NY2d 493, 498-499). The operative factor in [a] determination that a jury's verdict should be set aside is a finding that a jury could not have reached [a] verdict by any fair interpretation of the evidence (see, Nicastro v Park, 113 AD2d 129, 134). The standard of fair interpretation is applied whether the verdict is in favor of the plaintiff or the defendant" (Pinto v Pyramid Tire, 193 AD2d 723, 724; Rice v Massalone, 160 AD2d 861).

The record contains evidence of, at the very least, some negligence on the part of Ms. Benoit, the defendant driver. While Ms. Finkel, the plaintiff pedestrian, may not be completely blameless, Ms. Benoit admitted that when she made her turn into the intersection, she did not know what she was looking at and failed to see Ms. Finkel walking across the intersection into which Ms. Benoit's automobile was turning. Weighing that testimony and the testimony of Ms. Finkel, we conclude the verdict could not have been reached on any fair interpretation of the evidence (see, Pire v Otero, 123 AD2d 611).

Furthermore, in the interest of justice, we find that it was error for the trial court to instruct the jury to consider Vehicle and Traffic Law § 1152 instead of the applicable provision of the Traffic Regulations of the City of New York *(see, Eichenholtz v Livery Serv. Corp.,* 40 AD2d 990). Joy, J. P., Friedmann, Krausman and Florio, JJ., concur.