■ LINDA ROMEO, Also Known as LINDA R. GARCIA, Appellant, v CARMINE DeGENNARO et al., Respondents. [680 NYS2d 235] —Order, Supreme Court, Bronx County (Howard Silver, J.), entered September 22, 1997, which granted defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the complaint reinstated.

This is an action for damages for injuries suffered when plaintiff was struck by a car owned and driven by defendants while she was crossing the West Side Highway in Manhattan on foot.

While the fact that plaintiff, a pedestrian, was crossing the West Side Highway in violation of New York City Traffic Rules and Regulations (34 RCNY) §§ 4-07 and 4-12 (o) was evidence of negligence on her part (*see, Ferrer v Harris*, 55 NY2d 285, *mot to amend remittitur granted* 56 NY2d 737, 806; *Tepoz v Sosa*, 241 AD2d 449; *Fox v Lyte*, 143 AD2d 390, 392), it did not, in and of itself, warrant summary judgment in defendants' favor. Since plaintiff's affidavit concerning the circumstances of the accident, which differed sharply from the evidence set forth by defendants, presented questions of fact as to the location of the automobile when the driver, defendant Gary DeGennaro, first had an opportunity to see plaintiff and whether he used reasonable care to avoid hitting her, summary judgment should have been denied.

We note that plaintiff's reliance on the "last clear chance" doctrine is inapposite, as that theory, which, under certain circumstances, allowed recovery by a plaintiff who would otherwise have been barred by his or her contributory negligence,

became obsolete upon the adoption of the doctrine of comparative negligence (*see, Dominguez v Manhattan & Bronx Surface Tr. Operating Auth.*, 46 NY2d 528, 533). Concur—Lerner, P. J., Milonas, Ellerin, Rubin and Williams, JJ.