OPINION OF THE COURT
Per Curiam.
Judgment entered April 8, 2003 reversed and the matter is remitted to Civil Court for a new trial, limited solely to the issues of liability and the apportionment of fault among the parties, with $30 costs to abide the event.
The negligence action arises from a multi-vehicle collision that occurred on the FDR Drive on the night of July 8, 1995. The trial evidence shows that defendant Levine, while attempting to enter the highway via the 23rd Street entrance ramp, “veered” her car into, “mounted,” and crossed over a concrete construction barrier that she failed to observe, and that the Levine car “landed” and immediately stopped on the right northbound lane of the highway. Defendant Levine left her car unattended to summon help, and returned approximately 30 minutes later. At some point in the interim, defendant Chowdry, proceeding northerly on the highway, safely brought his car to a full stop behind Levine’s disabled vehicle. Soon thereafter, a car driven by nonparty Felix Perez (plaintiffs brother) went into a skid — allegedly due to oil that had leaked onto the highway from Levine’s vehicle — and “lightly touched” the back of Chow-dry’s stopped car. Plaintiff, returning home from a family gathering and driving three car lengths behind his brother in what to that point had been “clear” highway conditions, also skidded — again allegedly due to the oil slick* and “ram[med]” into the back of his brother’s stopped car with sufficient force to cause plaintiff to “shift[ ] violently” behind his steering wheel.
On these facts, no fair interpretation of the evidence could have yielded a determination that plaintiff was not negligent *31 and that defendant Levine was 100% at fault in the happening of the accident. While the jury reasonably could find that the collision was caused in part by defendant Levine’s negligent operation of her vehicle (see Newell v Rodriguez, 300 AD2d 258 [2002]), its finding that plaintiff was not negligent when he crashed into the rear of his brother’s stopped vehicle was against the weight of the evidence (compare Fox v Lyte, 143 AD2d 390 [1988]). Our conclusion is buttressed by the plaintiff’s own testimony tending to indicate that he was following too closely behind his brother’s car, as well as the undisputed fact that, whatever slippery condition may have been created by the oil leak from the Levine vehicle, at least one other vehicle, that driven by defendant Chowdry, was able to safely stop without skidding before the “big impact” between the cars driven by plaintiff and his brother.
Suarez, EJ., Gangel-Jacob and Schoenfelb, JJ., concur.

 The size and location of the oil slick were matters that produced widely divergent testimony at trial, with defendant Levine stating that, although “fluid” had accumulated on the flat stretch of roadway at the accident site, the fluid was confined to the “general area” around her disabled car; plaintiffs brother estimating the oil leak to be only a few inches wide and 20 feet in length — or roughly two car lengths behind the Levine vehicle; and plaintiff indicating that the oil was “spread all over” the right lane of the highway and extended behind his car, the third and rearmost vehicle behind Levine’s car. In his deposition testimony read to the jury, defendant Chowdry expressed no recollection of “any substance” on the roadway.