ANNA F. LARSEN, Appellant, et al., Plaintiff, v DAWN M. SPANO et al., Respondents. [827 NYS2d 276]—

In an action to recover damages for personal injuries, etc., the plaintiff Anna F. Larsen, by and through Vincent Berger, Jr., as guardian of her property, appeals from (1) an order of the Supreme Court, Suffolk County (Baisley, Jr., J.), dated May 12, 2005, which, upon a jury verdict on the issue of liability in favor of the defendants and against her, denied her motion pursuant to CPLR 4404 (a) to set aside the jury verdict as against the weight of the evidence and for a new trial, (2) a judgment of the same court entered June 10, 2005, which, upon the jury verdict and the order dated May 12, 2005, is in favor of the defendants Dawn M. Spano, Paul Spano, and First Union Leasing Group, Inc., and against her dismissing the complaint insofar as asserted against those defendants, and (3) an amended judgment of the same court entered June 29, 2005, which, upon the jury verdict and the order dated May 12, 2005, is in favor of the defendants and against her dismissing the complaint.

Ordered that the appeal from the order dated May 12, 2005 is dismissed; and it is further,

Ordered that the appeal from the judgment entered June 10, 2005 is dismissed on the ground that it was superseded by the amended judgment entered June 29, 2005; and it is further,

Ordered that the amended judgment entered June 29, 2005 is reversed, on the facts, the plaintiff's motion pursuant to CPLR 4404 (a) to set aside the verdict as against the weight of the evidence and for a new trial is granted, the complaint is reinstated, the matter is remitted to the Supreme Court, Suffolk County,

for a new trial on the issue of liability, the order dated May 12, 2005, is modified accordingly, and the judgment entered June 10, 2005 is vacated; and it is further,

Ordered that one bill of costs is awarded to abide the event of the new trial.

The appeal from the order dated May 12, 2005 must be dismissed because the right of appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the amended judgment entered June 29, 2005 (*see* CPLR 5501 [a] [1]).

The plaintiff Anna F. Larsen (hereinafter the plaintiff) suffered severe brain and body injuries when she came in contact with a vehicle driven by the defendant Dawn M. Spano (hereinafter the defendant) at the intersection of Conklin Street and Route 110 in East Farmingdale. At trial, evidence was adduced that the defendant, coming from a westerly direction on Conklin Street into a turn lane, approached a yield sign at a stop line, came to a full stop, and looked to her left in an effort to merge into traffic heading in a northerly direction on Route 110. A disinterested eyewitness testified that he observed the plaintiff standing on the sidewalk by the yield sign at the time the defendant's vehicle was stopped, and that the plaintiff took one or two steps into the roadway before the defendant's vehicle accelerated from the stopped position and struck her. The witness further testified that when the front of the defendant's vehicle came in contact with the plaintiff, the defendant was looking to her left. The defendant testified that she was looking forward when she accelerated and that she never saw the plaintiff until after the impact.

On appeal, the plaintiff maintains that the defendant was negligent as a matter of law for violating Vehicle and Traffic Law § 1142 (b), which requires the driver of a vehicle approaching a yield sign to yield the right of way to any pedestrian legally crossing the roadway on which she is driving. The defendant maintains that she was completely without fault because the plaintiff violated Vehicle and Traffic Law § 1152 (a), which requires a pedestrian crossing a roadway at any point other than within a marked crosswalk or within an unmarked crosswalk at an intersection to yield the right of way to all vehicles upon the roadway.

The respective negligence of the parties is a factual question for the jury (*see Rocklin v Beigert*, 224 AD2d 605 [1996]; *Perla v New York Daily News*, 123 AD2d 349, 350 [1986]).

Notwithstanding any alleged negligence on the part of the plaintiff, the defendant had a common-law duty to see that which she should have seen through the proper use of her senses (*see Botero v Erraez*, 289 AD2d 274, 275 [2001]; *Weiser v Dalbo*, 184 AD2d 935, 936 [1992]; *Crandall v Lingener*, 113 AD2d 529, 532 [1986]).

Under the circumstances, the fact that the defendant never saw the plaintiff does not excuse her conduct (*see Ferrara v Castro*, 283 AD2d 392, 393 [2001]; *Pire v Otero*, 123 AD2d 611, 612 [1986]). Thus, the jury's finding that the defendant was free from negligence could not have been reached upon any fair interpretation of the evidence (*see Finkel v Benoit*, 211 AD2d 749, 750 [1995]; *Carter v Smalls*, 162 AD2d 431, 432 [1990]; *cf. Corcoran v People's Ambulette Serv.*, 237 AD2d 402, 403 [1997]).

Contrary to the plaintiff's contention, she is not entitled to judgment as a matter of law in her favor as there is an issue of fact as to whether the plaintiff was also at fault in causing the accident (*see Batal v Associated Univs.*, 293 AD2d 558, 560 [2002]).

The plaintiff's remaining contentions are without merit. Crane, J.P., Krausman, Goldstein and Spolzino, JJ., concur.