ZOYA DOMANOVA, Appellant, v STATE OF NEW YORK, Respondent. [838 NYS2d 644]—

In a claim to recover damages for personal injuries, the claimant appeals from a judgment of the Court of Claims (Waldon, J.), dated November 14, 2005, which, after a nonjury trial on the issue of liability, and upon a decision of the same

court dated October 17, 2005, is in favor of the defendant and against her dismissing the claim.

Ordered that the judgment is reversed, on the law and the facts, the claim is reinstated, and the matter is remitted to the Court of Claims for a new trial on the issue of liability, including the apportionment of fault, and damages, if warranted, with costs to abide the event.

Where, as here, a case is tried without a jury, this Court's power to review the evidence is as broad as that of the trial court, "taking into account in a close case the fact that the trial judge had the advantage of seeing the witness" (*Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *see Letterese v State of New York*, 33 AD3d 593 [2006]). Here, the claimant was a pedestrian walking in the crosswalk at the intersection of Avenue W and East 4th Street in Brooklyn, while taking her friend's granddaughter for a walk in a stroller. According to the claimant, when she was in the middle of the crosswalk, she noticed a vehicle leased by the defendant (hereinafter the defendant's vehicle) approaching her from the left. As she pushed the stroller to the right, she was struck on the left side of her body by the defendant's vehicle. The operator of the defendant's vehicle (hereinafter the driver), who was also an employee of the defendant, testified that he did not see anyone in the crosswalk as he attempted to make a left turn from Avenue W onto East 4th Street, but that when he made the turn he felt the defendant's vehicle strike something.

Notwithstanding any alleged negligence on the part of the claimant, the driver had a common-law duty to see that which he should have seen through the proper use of his senses (*see Larsen v Spano*, 35 AD3d 820 [2006]; *Botero v Erraez*, 289 AD2d 274, 275 [2001]; *Weiser v Dalbo*, 184 AD2d 935 [1992]). Under the circumstances, the fact that the driver never saw the claimant does not excuse his conduct (*see Larsen v Spano, supra*; *Pire v Otero*, 123 AD2d 611, 612 [1986]). Thus, we reject the trial court's finding that the driver, and thus the defendant, were free from negligence (*see Larsen v Spano, supra*; *Finkel v Benoit*, 211 AD2d 749, 750 [1995]; *Pire v Otero, supra*). However, the record does not support the claimant's contention that she was entitled, after trial, to judgment in her favor and against the defendant on the issue of liability, holding the defendant 100% at fault in the happening of the accident, as the record reflects that she was partially at fault in causing the accident (*see Larsen v Spano, supra*; *Batal v Associated Univs.*, 293 AD2d 558, 560 [2002]). Thus, upon remittal, the Court of Claims must apportion liability between the claimant and the defendant (*see*

CPLR 1411). Spolzino, J.P., Goldstein, Fisher and McCarthy, JJ., concur.