■ GABRIELLA BARBIERI, Respondent, v DANIEL P. VOKOUN, Appellant. [900 NYS2d 315]—

In an action to recover damages for personal injuries, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Martin, J.), dated June 9, 2009, as granted the plaintiff's motion pursuant to CPLR 4404 (a) to set aside a jury verdict in his favor as contrary to the weight of the evidence, and for a new trial.

Ordered that the order is affirmed insofar as appealed from, with costs.

Early in the evening of September 22, 2006, the 77-year-old plaintiff Gabriella Barbieri was pushing a shopping cart across 7th Street in East Meadow when she and her cart were struck by a left-turning vehicle driven by the 20-year-old defendant, Daniel P. Vokoun. As a result of the accident, the plaintiff allegedly sustained injuries, including a fractured shoulder.

At trial more than three years later, the plaintiff testified that she was on her way home with a bag of items she had purchased at the supermarket when she reached the intersection of 7th Street and Prospect Avenue. Upon arriving at the intersection and observing that the light controlling traffic on 7th Street was red, the plaintiff pushed a pedestrian signal button to prompt the light to change. When the light turned green, the plaintiff began to cross 7th Street. The plaintiff estimated that she had taken about five steps when the front of the defendant's vehicle struck her shopping cart and then struck her, throwing her to the ground. She also testified that she did not see the defendant's vehicle, which was stopped at the light, begin to move when the light turned green.

The defendant, who had been a licensed driver for about a year when the accident occurred, recalled that he and his passenger, Nicole Cline, were on their way to a friend's house when he stopped his vehicle at a red light at the subject intersection. The defendant acknowledged that when he arrived at the intersection, he saw the plaintiff standing with her shopping cart on the sidewalk at the corner "next to the pole with the button on it that she had pushed." He also observed pedestrian crosswalks painted on all fours sides of the intersection. When the light turned green, a vehicle on the opposite side of Prospect Avenue, which was facing the defendant's vehicle, began making a right turn. After that vehicle had completed its turn, the defendant began to make a left turn. The defendant estimated that the light had been green for four or five seconds before he began turning, and stated that he believed the plaintiff, who was still on the sidewalk at that point, "was going to stay there." The defendant admittedly did not keep the plaintiff under observation while he was executing his turn, and only realized that an accident had occurred when he heard the sound of metal coming into contact with the rubber wheels of the shopping cart, and saw the plaintiff lying in the street. Asked where the impact occurred, the defendant replied "right before the crosswalk." The defendant also claimed that the plaintiff's cart was piled high with opaque black plastic bags, which he surmised contained empty bottles, and may have impeded her view of the intersection.

Cline testified that the defendant's vehicle was stopped at the light when she first noticed the plaintiff walking toward the intersection. According to Cline, the plaintiff "slowed down when she got to the end of the sidewalk and then she stopped prior to the intersection." She did not see the plaintiff move into the intersection before the defendant started his turn. Asked where the defendant's car was located when the collision occurred, Cline testified that it was already in the crosswalk. Cline first realized that an accident had occurred when she heard the crash of "metal-to-metal." At that point, she "observed a cart that was half way on the sidewalk, half way in the street, and [the plaintiff] was on the ground, on the sidewalk."

At the conclusion of the trial, the jury returned a verdict finding that the defendant was not negligent in the happening of the accident. The plaintiff then moved pursuant to CPLR 4404 (a) to set aside the jury verdict as contrary to the weight of the evidence, and the Supreme Court granted her motion. We affirm.

A jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence (*see Nicastro v Park*, 113 AD2d 129, 134 [1985]). While great deference must be accorded to the fact-finding function of the jury, a trial court's discretion to set aside the verdict " 'is at its broadest when it appears that the unsuccessful litigant's evidentiary position was particularly strong compared to that of the victor' " (*Pire v Otero*, 123 AD2d 611, 611 [1986], quoting *Nicastro v Park*, 113 AD2d at 136; *see Panariello v Ballinger*, 248 AD2d 452 [1998]).

Here, no fair interpretation of the evidence supports a finding that the defendant was entirely free of negligence in the happening of this accident. Although a driver facing a steady green light is entitled to proceed, he or she has a duty to yield the right-of-way to pedestrians lawfully within a crosswalk (*see* Vehicle and Traffic Law § 1111 [a] [1]). The plaintiff's testimony that she was within the crosswalk when she was struck by the defendant's vehicle was corroborated by the testimony of the defendant's passenger, who admitted that his vehicle was in the crosswalk when the collision occurred. While the defendant claimed that the impact occurred right before his vehicle entered the crosswalk, this claim was inconsistent with his admission that upon arriving at the intersection he observed the plaintiff standing at the corner next to the pedestrian signal button. From this location, the plaintiff would have been within the crosswalk when she stepped off the sidewalk into the street.

The defendant's claim that the impact occurred just before his vehicle entered the crosswalk is also inconsistent with the fact that he was already in the process of executing a left turn onto Prospect Avenue when his vehicle came into contact with the plaintiff and her shopping cart. Accordingly, we do not agree with our dissenting colleague that there was no clear evidence that the defendant violated Vehicle and Traffic Law § 1111 (a) (1). Since a violation of a standard of care imposed by the Vehicle and Traffic Law constitutes negligence per se (see Coogan v Torrisi, 47 AD3d 669, 670 [2008]; Jones v Radeker, 32 AD3d 494, 496 [2006]; Lagana v Fox, 6 AD3d 583 [2004]), the jury verdict completely absolving the defendant of any responsibility for the accident was contrary to the weight of the evidence (see Benedikt v Certified Lbr. Corp., 60 AD3d 798 [2009]; Voskin v Lemel, 52 AD3d 503 [2008]; Kirchgaessner v Hernandez, 40 AD3d 437, 438 [2007]; Pire v Otero, 123 AD2d 611 [1986]).

Furthermore, the jury's finding could not be upheld even if the plaintiff stepped slightly outside the boundaries of the marked crosswalk while traversing 7th Street. The defendant had a statutory duty to use due care to avoid colliding with pedestrians on the roadway (see Vehicle and Traffic Law § 1146), as well as a common-law duty to see that which he should have seen through the proper use of his senses (see Domanova v State of New York, 41 AD3d 633, 634 [2007]; Larsen v Spano, 35 AD3d 820, 822 [2006]). The defendant's own testimony demonstrates that he was well aware that the plaintiff was standing at the corner waiting to cross 7th Street before he began executing his turn. Nevertheless, he admittedly failed to keep the plaintiff under observation as he made his turn, and did not even see her in the roadway until after the collision. Nor is there any evidence to support a view that the 77-year-old plaintiff, pushing a shopping cart containing at least one filled bag, darted off the sidewalk so suddenly and without warning that the defendant could not have avoided the collision in the exercise of due care. Under these circumstances, the verdict could not have been reached on any fair interpretation of the evidence (see Domanova v State of New York, 41 AD3d at 634; Larsen v Spano, 35 AD3d at 822; Finkel v Benoit, 211 AD2d 749, 750 [1995]; Pire v Otero, 123 AD2d 611 [1986]; see also Benedikt v Certified Lbr. Corp., 60 AD3d 798 [2009]; Voskin v Lemel, 52 AD3d 503 [2008]). Eng, Belen and Austin, JJ., concur.

Skelos, J.P., dissents and votes to reverse the order insofar as appealed from and reinstate the jury verdict on the issue of liability, with the following memorandum: As the majority notes, there was conflicting testimony at trial regarding whether the

plaintiff was within the boundaries of the crosswalk at the time of the collision. Vehicle and Traffic Law § 1111 (a) (1) provides, in relevant part, that "[t]raffic, except pedestrians, facing a steady circular green signal may proceed straight through or turn right or left unless a sign at such place prohibits either such turn. Such traffic, including when turning right or left, shall yield the right of way to other traffic *lawfully within the intersection* or an *adjacent crosswalk* at the time such signal is exhibited" (emphasis added). While the plaintiff testified that her shopping cart was lawfully in the crosswalk when it was struck by the defendant's vehicle, as the majority noted, the defendant testified that the impact occurred "right before the crosswalk." In light of this conflicting testimony, the jury was free to resolve the issue of fact in favor of the defendant and conclude that the defendant did not violate Vehicle and Traffic Law § 1111 (a) (1).

In addition, according to the plaintiff, when she reached the intersection, she pushed the traffic control button attached to a corner pole in order to change the traffic light. The plaintiff further testified that when the light changed, she stepped into the street with her cart and took approximately five steps before the defendant's vehicle struck the front of her cart. However, the testimony of the defendant driver and his passenger both indicated that the plaintiff was standing on the sidewalk with her shopping cart as the defendant driver lawfully proceeded into the intersection to make a left-hand turn. According to their testimony, as the defendant's vehicle was proceeding through the intersection making the left-hand turn, the plaintiff's shopping cart remained on the sidewalk. Moreover, the defendant testified that the plaintiff, who was pushing a shopping cart that obstructed her view, because it was filled with garbage bags approximately four-feet high and one foot taller than the plaintiff, walked off the curb and pushed her cart into his vehicle. The defendant driver and his passenger also testified that, at the time of impact, the plaintiff's shopping cart hit the right front fender of the defendant's vehicle. Again, in light of this conflicting testimony, the jury was free to resolve the issue of fact in favor of the defendant and conclude that the defendant did not violate Vehicle and Traffic Law § 1146, which provides, in relevant part, that "every driver of a vehicle shall exercise due care to avoid colliding with any . . . pedestrian . . . upon any roadway."

Further, the defendant's contention that the plaintiff walked off the curb and pushed her cart into his vehicle is further supported by the presence and action of another vehicle at the

intersection. The plaintiff and the other vehicle were both stopped at the red light facing opposite directions. When the light turned green, the defendant pulled into the intersection and waited for the other vehicle to make a right-hand turn. After the other vehicle completed the right-hand turn, which necessarily brought it in front of the plaintiff who was still standing on the sidewalk, the defendant then started to make his turn. In light of the action of that other vehicle, and the plaintiff's age and location on the sidewalk when the other vehicle was making its turn, I conclude that the jury verdict did not so preponderate in favor of the plaintiff that the verdict could not have been reached upon any fair interpretation of the evidence (*see Nazario v Stalica*, 272 AD2d 903 [2000]; *McLean v Dessert*, 267 AD2d 962, 963 [1999]; *Silverstein v Manhattan & Bronx Surface Tr. Operating Auth.*, 159 AD2d 452, 452-453 [1990]; *see generally Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]; *Vingo v Rosner*, 29 AD3d 896, 897 [2006]; *Nicastro v Park*, 113 AD2d 129, 134 [1985]).

Whether a jury verdict should be set aside as contrary to the weight of the evidence does not involve a question of law, but rather requires a discretionary balancing of many factors (*see Cohen v Hallmark Cards*, 45 NY2d 493 [1978]; *Nicastro v Park*, 113 AD2d at 129). It is for the jury to make determinations as to the credibility of the witnesses, and it is accorded great deference, as it had the opportunity to see and hear the witnesses (*see Emeagwali v Brooklyn Hosp. Ctr.*, 60 AD3d 891, 892 [2009]; *Bertelle v New York City Tr. Auth.*, 19 AD3d 343 [2005]). Thus, it was for the jury to resolve conflicting testimony, and I perceive no basis to disturb the jury's resolution of the credibility issue (*see generally Wahid v Long Is. R.R. Co.*, 59 AD3d 712, 713 [2009]).

Here, as aforesaid, the jury could have inferred from the testimony at trial that the accident occurred suddenly and without warning when the plaintiff stepped off the curb, outside of the crosswalk and beyond the view of the defendant driver (*see e.g. Johnson v Lovett*, 285 AD2d 627 [2001]; *Carrasco v Monteforte*, 266 AD2d 330, 331 [1999]). Therefore, the jury could have concluded that the defendant did not violate Vehicle and Traffic Law § 1111 (a) (1) or § 1146 (*see e.g. Asaro v Micali*, 292 AD2d 552, 553 [2002]). Contrary to the majority view, even assuming the accident occurred in the intersection, as testified by the plaintiff and the defendant's passenger, that fact does not exclude the jury's apparent finding that the accident occurred suddenly and without warning to the defendant when the plaintiff, whose view was obstructed, stepped off the curb and

into the defendant's vehicle. Further, contrary to the majority, to the extent there are conflicts in the testimony, I see none which mandate a finding that the jury's verdict could not have been reached upon any fair interpretation of the evidence.

Accordingly, the Supreme Court should not have set aside the verdict (*see generally Soto v New York City Tr. Auth.*, 6 NY3d 487 [2006]; *Derdiarian v Felix Contr. Corp.*, 51 NY2d 308 [1980]) and I respectfully dissent.