Lieb v Jacobson (2022 NY Slip Op 01153)





Lieb v Jacobson


2022 NY Slip Op 01153


Decided on February 23, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
JOSEPH A. ZAYAS
LARA J. GENOVESI, JJ.


2019-11237
 (Index No. 7754/15)

[*1]Sara Lieb, respondent, 
v
Chaim Moshe Jacobson, et al., appellants.


James G. Bilello (Rivkin Radler LLP, Uniondale, NY [Merril S. Biscone and Cheryl F. Korman], of counsel), for appellants.
Bernstone & Grieco, LLP, New York, NY (Matthew A. Schroeder of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Sylvia G. Ash, J.), dated July 15, 2019. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was pursuant to CPLR 4404(a) to set aside a jury verdict in favor of the defendants and against the plaintiff on the issue of liability as contrary to the weight of the evidence and for a new trial.
ORDERED that the order is affirmed, with costs.
In June 2015, the plaintiff commenced this action to recover damages for injuries the plaintiff alleged that she sustained in December 2014 when she was struck by a vehicle as she was walking in the crosswalk at the intersection of Lefferts Avenue and Albany Avenue in Brooklyn. The vehicle at issue was owned by the defendant Shterna Smetana and, at the time of the incident, was operated by the defendant Chaim Moshe Jacobson (hereinafter the defendant driver).
In July 2018, a two-day jury trial was held on the issue of liability. The plaintiff and the defendant driver were the only witnesses who testified. At the trial, the plaintiff testified that the defendants' vehicle made a left turn onto Lefferts Avenue from Albany Avenue and hit her while she was in the crosswalk on Lefferts Avenue. The plaintiff also testified that she did not see the defendants' vehicle prior to the impact. The defendant driver testified that he did not see the plaintiff prior to her contact with his vehicle. At the conclusion of the trial, the jury found that the defendant
driver was not negligent in the happening of the accident. The plaintiff thereafter moved pursuant to CPLR 4404(a), among other things, to set aside the jury verdict as contrary to the weight of the evidence and for a new trial. In an order dated July 15, 2019, the Supreme Court granted that branch of the plaintiff's motion. The defendants appeal.
A jury verdict should be set aside as contrary to the weight of the evidence when that jury could not have reached the verdict by any fair interpretation of the evidence (see Barbieri v Vokoun, 72 AD3d 853, 855; Finkel v Benoit, 211 AD2d 749, 750).
A driver who faces a green light has a duty to yield the right-of-way to pedestrians who are lawfully within a crosswalk in accordance with the standard of care imposed by Vehicle and [*2]Traffic Law § 1111(a)(1), and a violation of this standard of care constitutes negligence per se (see Barbieri v Vokoun, 72 AD3d at 855-856). A driver also has "a statutory duty to use due care to avoid colliding with pedestrians on the roadway (see Vehicle and Traffic Law § 1146), as well as a common-law duty to see that which he [or she] should have seen through the proper use of his [or her] senses" (id. at 856).
Here, contrary to the contention of the defendants, no fair interpretation of the evidence supports a finding that the defendant driver was free from negligence in the happening of the accident (see id. at 855; Finkel v Benoit, 211 AD2d at 750). As noted by the Supreme Court, it is undisputed that the plaintiff was hit in the crosswalk with the pedestrian light in her favor. The defendant driver's testimony in support of the defendants' contention that the defendants' vehicle had entered the crosswalk before the plaintiff entered it was conclusory, speculative, and contradictory (see e.g. Barbieri v Vokoun, 72 AD3d at 855-856; Finkel v Benoit, 211 AD2d at 750). Notwithstanding any alleged negligence on the part of the plaintiff, the defendant driver's failure to observe the plaintiff in the crosswalk prior to the accident was a violation of the defendant driver's common-law duty to see that which he should have seen through the proper use of his senses (see Domanova v State of New York, 41 AD3d 633, 634; Larsen v Spano, 35 AD3d at 822). Under these circumstances, the jury's verdict that the defendant driver was free from negligence was not supported by any fair interpretation of the evidence (see Barbieri v Vokoun, 72 AD3d at 856; Larsen v Spano, 35 AD3d 820, 822).
The defendants' remaining contentions are without merit.
Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was pursuant to CPLR 4404(a) to set aside the jury verdict as contrary to the weight of the evidence and for a new trial (see e.g. Echeverria v MTA Long Is. Bus Auth., 100 AD3d 588, 589).
DUFFY, J.P., MILLER, ZAYAS and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court