Pai v Reliant Transp., Inc. (2022 NY Slip Op 01972)





Pai v Reliant Transp., Inc.


2022 NY Slip Op 01972


Decided on March 22, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 22, 2022

Before: Renwick, J.P., Manzanet-Daniels, Singh, Kennedy, Scarpulla, JJ. 


Index No. 150116/19 Appeal No. 15558 Case No. 2021-01940 

[*1]Priya Pai, Plaintiff-Appellant,
v
Reliant Transportation, Inc., et al., Defendants-Respondents.


The Perecman Firm, P.L.L.C., New York (David H. Perecman of counsel), for appellant.
Landman Corsi Ballaine & Ford, P.C., New York (Gerald T. Ford of counsel), for respondents.



Order, Supreme Court, New York County (Lisa S. Headley, J.), entered April 6, 2021, which, to the extent appealed from, denied the branch of plaintiff's motion to dismiss defendants' second, third, and eighth affirmative defenses, unanimously reversed, on the law, with costs, and the motion granted.
Surveillance video evidence captured defendants' bus striking plaintiff as she walked in the crosswalk at the intersection of 104th Street and Madison Avenue in Manhattan. Plaintiff had the walk signal in her favor and had made it more than halfway across Madison Avenue when defendants' bus, while attempting to make a left turn onto Madison Avenue, drove too close to plaintiff, and struck her on her side. The videos show that defendant bus driver had an unobstructed view of plaintiff, and that the bus driver was attempting to drive behind plaintiff, in the portion of the crosswalk where plaintiff had just walked through. The bus's left turn was abrupt, and plaintiff's vantage point of such maneuver left her little opportunity to react.
Given the evidence, defendants failed to raise a triable issue as to plaintiff's comparative negligence or culpable conduct (see e.g. Quintavalle v Perez, 139 AD3d 182 [1st Dept 2016], lv dismissed 28 NY3d 1068 [2016]; Rozon v Rosario, 144 AD3d 597 [1st Dept 2016]). Defendants offered no evidence to show what plaintiff could have done differently to avoid the accident. Moreover, defendant bus driver's version of the accident was undermined by the video evidence, the deposition testimony of her employer's safety coordinator, and her plea of guilty on a summons issued at the scene for failing to yield the right of way to a pedestrian lawfully within the crosswalk.
Defendants' eighth affirmance defense, founded upon the emergency doctrine, should have been dismissed given the absence of evidence to indicate defendant bus driver perceived or reacted to an emergency (see De Diaz v Klausner, 198 AD3d 475, 476-477 [1st Dept 2021]). The bus driver never testified that she was presented with an emergency situation. In fact, she claimed that she was able to stop the bus without incident by normal application of the brakes, and that the bus never struck plaintiff. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 22, 2022