Wargold v Hudson Tr. Lines, Inc. (2023 NY Slip Op 04153)

Wargold v Hudson Tr. Lines, Inc.

2023 NY Slip Op 04153

Decided on August 2, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 2, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
JANICE A. TAYLOR, JJ.

2020-04898
2020-06283
 (Index No. 35514/14)

[*1]Susan Wargold, appellant, 
v
Hudson Transit Lines, Inc., et al., respondents.

Kramer & Pollack, P.C., Mineola, NY (Joshua D. Pollack of counsel), for appellant.
Gallo, Vittucci & Klar, New York, NY (Yolanda L. Ayala of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Rockland County (Robert M. Berliner, J.), dated May 4, 2020, and (2) a judgment of the same court dated August 11, 2020. The order denied the plaintiff's motion pursuant to CPLR 4404(a) to set aside a jury verdict in favor of the defendants on the issue of liability as contrary to the weight of the evidence and for a new trial. The judgment, upon the jury verdict and upon the order, is in favor of the defendants and against the plaintiff dismissing the complaint.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is reversed, on the facts, the plaintiff's motion pursuant to CPLR 4404(a) to set aside the jury verdict in favor of the defendants on the issue of liability as contrary to the weight of the evidence and for a new trial is granted, the complaint is reinstated, the order is modified accordingly, and the matter is remitted to the Supreme Court, Rockland County, for a new trial on the issue of liability; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained in October 2013 when she was struck by a bus owned by the defendant Hudson Transit Lines, Inc., and operated by the defendant Julio Ramirez, as the plaintiff was walking across an entrance ramp to the New York State Thruway in Nanuet. At a jury trial on the issue of liability, Ramirez testified that, prior to the accident, he had seen the plaintiff, a pedestrian, standing on the side of the road near the crosswalk for the entrance ramp while Ramirez was stopped at a left-turn traffic signal waiting to turn left onto the entrance ramp. Once the left-turn traffic signal turned [*2]green, Ramirez began to turn left onto the entrance ramp. Ramirez testified that the bus had blind spots that he took into consideration while driving, and that as he started to make the turn he could see everything in front of the bus. When Ramirez had nearly cleared the crosswalk, the driver's side of the bus struck the plaintiff, who had been crossing the entrance ramp. According to an eyewitness, the plaintiff had begun to cross the entrance ramp when the left-turn traffic signal, at which Ramirez was stopped, turned green, and she was at or near the middle of the entrance ramp when she was struck. There was no pedestrian light for the crosswalk indicating whether pedestrians should or should not cross the entrance ramp.
At the conclusion of the trial, the jury found that Ramirez was free from negligence in the happening of the accident, and returned a verdict in favor of the defendants and against the plaintiff on the issue of liability. The plaintiff thereafter moved pursuant to CPLR 4404(a) to set aside the jury verdict as contrary to the weight of the evidence and for a new trial. In an order dated May 4, 2020, the Supreme Court denied the plaintiff's motion. A judgment dated August 11, 2020, was issued in favor of the defendants and against the plaintiff dismissing the complaint. The plaintiff appeals.
A jury verdict in favor of a defendant should be set aside as contrary to the weight of the evidence where the evidence preponderates so heavily in the plaintiff's favor that it could not have been reached by any fair interpretation of the evidence (see Fernandez v Taping Expert, Inc., 210 AD3d 651, 651; Lieb v Jacobson, 202 AD3d 1072, 1073). "A driver . . . has 'a statutory duty to use due care to avoid colliding with pedestrians on the roadway (see Vehicle and Traffic Law § 1146), as well as a common-law duty to see that which he [or she] should have seen through the proper use of his [or her] senses'" (Lieb v Jacobson, 202 AD3d at 1073, quoting Barbieri v Vokoun, 72 AD3d 853, 856).
Here, no fair interpretation of the evidence supports a finding that Ramirez was free from negligence in the happening of this accident. Although it is unclear whether the plaintiff was crossing the entrance ramp in or near the crosswalk at the time that she was struck, Ramirez's failure to observe the plaintiff crossing the entrance ramp at the time of the accident was a violation of his common-law duty to see that which he should have seen through the proper use of his senses (see Lieb v Jacobson, 202 AD3d at 1074). Under these circumstances, the jury's verdict that Ramirez was free from negligence was not supported by any fair interpretation of the evidence. Accordingly, the Supreme Court should have granted the plaintiff's motion pursuant to CPLR 4404(a) to set aside the jury verdict as contrary to the weight of the evidence and for a new trial (see Lieb v Jacobson, 202 AD3d at 1074; Barbieri v Vokoun, 72 AD3d at 856; Larsen v Spano, 35 AD3d 820, 822).
The plaintiff's remaining contentions are without merit or need not be reached in light of our determination.
DUFFY, J.P., GENOVESI, DOWLING and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court