Hockaday v Hessel (2024 NY Slip Op 00132)

Hockaday v Hessel

2024 NY Slip Op 00132

Decided on January 11, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 11, 2024

Before: Kern, J.P., Singh, Kapnick, O'Neill Levy, JJ.

Index No. 813356/21 Appeal No. 1388 Case No. 2023-01642 

[*1]Thais Hockaday, Plaintiff-Respondent,
v
Richard Hessel et al., Defendants-Appellants.

Milber Makris Plousadis & Seiden, LLP, Purchase (Otto Cheng of counsel), for appellants.
Michael H. Zhu, P.C., Rego Park (Michael H. Zhu of counsel), for respondent.

Order, Supreme Court, Bronx County (Bianka Perez, J.), entered March 9, 2023, which granted plaintiff's motion for partial summary judgment on the issue of liability and striking defendants' affirmative defenses, unanimously modified, on the law, to deny so much of plaintiff's motion as sought dismissal of defendants' affirmative defenses of culpable conduct or comparative fault, and otherwise affirmed, without costs.
Plaintiff made a prima facie showing of her entitlement to judgment as a matter of law on the issue of defendants' liability through her affidavit demonstrating that she was crossing the street in a wheelchair or motorized scooter, within the crosswalk, with the light in her favor, when she was struck by defendants' tractor trailer, which was making a left turn across the crosswalk while coming out of a parking lot (see Torres v Werner Bus Lines, Inc., 157 AD3d 624 [1st Dept 2018]; Hines v New York City Tr. Auth., 112 AD3d 528, 529 [1st Dept 2013]). However, plaintiff also submitted photographs showing her lying partly within the crosswalk after the accident and a certified police accident report which included witness statements that she was not within the crosswalk. A finding that plaintiff was outside the crosswalk is relevant to plaintiff's comparative fault, but does not affect the finding that defendant driver was negligent since he violated Vehicle and Traffic Law § 1146, which imposes a superseding duty on drivers to "exercise due care to avoid colliding with any . . . pedestrian . . . upon any roadway" (Deitz v Huibregtse, 25 AD3d 645, 646 [2d Dept 2006]).
In opposition, defendant submitted an affidavit in which he admitted that he did not see plaintiff before the tractor trailer hit her and offered only speculation that he may not have been able to see her because her wheelchair was low. Thus, whether plaintiff was within the crosswalk or near it, the truck driver was at fault for failing to see what was there to be seen as he exited the parking lot into the two-lane road and started turning left into the pedestrian crosswalk (see Wargold v Hudson Tr. Lines, Inc., 219 AD3d 546, 548 [2d Dept 2023]; Barbieri v Vokoun, 72 AD3d 853, 856 [2d Dept 2010]).
The conflicting evidence as to whether plaintiff was within or next to the crosswalk and issues as to whether she could have observed the tractor trailer pulling out next to her and avoided it, precludes dismissal of the defense based on comparative fault. However, the defense founded upon the emergency doctrine was properly dismissed given the absence of evidence to indicate defendant truck driver perceived or reacted to an emergency (Pai v Reliant Transp., Inc., 203 AD3d 585 [1st Dept 2022]).
Defendants offer no argument to support the other affirmative defenses, which were properly dismissed.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 11, 2024